NOTICE

Decision filed 08/20/10. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

NO. 5-08-0360

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Petitioner-Appellee, | ) | Wayne County. |
| | ) | |
| v. | ) | No. 98-CF-135 |
| | ) | |
| CHRISTOPHER L. CRAIG, | ) | Honorable |
| | ) | Barry L. Vaughan, |
| Respondent-Appellant. | ) | Judge, presiding. |

_____

JUSTICE DONOVAN delivered the opinion of the court:

Respondent, Christopher L. Craig, confessed the petition to declare respondent a sexually dangerous person filed by petitioner, the People of the State of Illinois (State), in the circuit court of Wayne County pursuant to the Sexually Dangerous Persons Act (Act) (725 ILCS 205/0.01 *et seq.* (West 2006)), and he was committed to the custody of the Illinois Department of Corrections (Department). Subsequently, respondent filed an application showing his recovery and sought a discharge or alternatively a conditional release. Following an evidentiary hearing, the jury found that respondent continued to be sexually dangerous. Respondent was remanded to the custody of the Department. On appeal, respondent contends that he was deprived of his constitutional right to due process when the circuit court denied his motion for an independent psychiatric evaluation at the State's expense and instructed the jury on a burden of proof that was less than beyond a reasonable doubt.

On August 7, 1998, the State filed an information in the circuit court of Wayne County charging respondent with one count of sexual assault and two counts of predatory

1

criminal sexual assault of a child. On October 19, 1998, the State filed a petition to declare respondent a sexually dangerous person pursuant to the Act (725 ILCS 205/3 (West 1998)). On October 28, 1998, the circuit court appointed two qualified psychiatrists and directed each, independently, to evaluate respondent for purposes of determining whether he was a sexually dangerous person pursuant to section 4 of the Act (725 ILCS 205/4 (West 1998)).

On January 25, 1999, respondent confessed the State's petition and the allegations contained therein, waived his right to a jury trial, and consented to a court-ordered commitment to the custody of the Department under the guardianship of the Director of Corrections (Director). On January 25, 1999, the circuit court entered an order finding that respondent was a sexually dangerous person, appointing the Director as respondent's guardian, and committing respondent to the custody of the Director.

In April 2002, respondent filed a *pro se* "Application Showing Recovery" pursuant to section 9 of the Act (725 ILCS 205/9 (West 2002)) in the circuit court of Wayne County. Respondent requested that the court grant a discharge from commitment or alternatively a conditional release from commitment. The circuit court appointed an attorney to represent respondent. Respondent's attorney filed an amended application and a motion for the appointment of an independent expert at the State's expense to examine respondent for the purpose of determining whether he remained a sexually dangerous person. The court denied respondent's motion for the appointment of an independent expert. The court ordered the Director to cause to be prepared and to be filed a sociopsychiatric report pursuant to section 9 of the Act.

An evidentiary hearing was held on May 7, 2003. At the conclusion of the trial, the court determined that respondent continued to suffer from a mental disorder and that respondent had a problem controlling his behavior. The court denied respondent's amended application showing a recovery. On appeal, a panel of this court determined that respondent

2

was not entitled to an independent expert and that the State had presented overwhelming evidence to show that respondent continued to be a sexually dangerous person; the judgment was affirmed. *People v. Craig*, 351 Ill. App. 3d 1191, 876 N.E.2d 331 (2004) (unpublished order under Supreme Court Rule 23 (166 Ill. 2d R. 23)).

On May 9, 2005, respondent filed a *pro se* application for a discharge or a conditional release and a motion for the appointment of counsel in the circuit court of Wayne County. The circuit court granted respondent's motion for the appointment of counsel. The court ordered the Director to have a sociopsychiatric report prepared and submitted. On April 10, 2006, respondent filed an amended application. Respondent also filed a motion seeking a *Frye* hearing (*Frye v. United States*, 293 F. 1013 (D.C. Cir. 1923)) and the appointment of an independent psychiatric expert at the State's expense. The court denied respondent's requests for a *Frye* hearing and the appointment of an independent psychiatric expert. An evidentiary hearing before a jury was held from December 17, 2007, through December 18, 2007. The jury found that respondent continued to be a sexually dangerous person. The court entered a judgment on the verdict and remanded respondent to the custody of the Director. The court denied respondent's posttrial motion seeking a judgment notwithstanding the verdict or alternatively a new trial.

On appeal, respondent argues that he was deprived of constitutional safeguards when the circuit court refused to appoint an independent expert at the State's expense and when the court instructed the jury on a burden of proof that was less than beyond a reasonable doubt. Respondent contends that the circuit court's decision to instruct the jury on a burden of proof that was less than beyond a reasonable doubt in conjunction with its decision to deny his motion for a psychiatric expert resulted in a deprivation of his constitutional right to due process in the recovery proceeding because he was required to proceed to a trial without the ability to offer any evidence to counter the Department's experts while the State was faced

3

with a lesser burden of proof.

The standard of review for determining whether an individual's constitutional rights have been violated is *de novo*. *Patel v. Illinois State Medical Society*, 298 Ill. App. 3d 356, 370, 698 N.E.2d 588, 597 (1998). Matters of statutory construction and statutory interpretation are also reviewed *de novo*. *In re Detention of Kish*, 395 Ill. App. 3d 546, 554, 916 N.E.2d 595, 601 (2009).

The Sexually Dangerous Persons Act provides for the involuntary civil commitment of respondents declared sexually dangerous persons, as an alternative to criminal prosecutions. 725 ILCS 205/2, 3 (West 2006). The Act serves both the individuals and society, in that it offers to provide treatment for sexually dangerous persons with the goals of rehabilitation and recovery and it protects the public by sequestering sexually dangerous persons until they have recovered. *People v. Trainor*, 196 Ill. 2d 318, 323-24, 752 N.E.2d 1055, 1058-59 (2001); see generally *People v. Allen*, 107 Ill. 2d 91, 100-02, 481 N.E.2d 690, 694-95 (1985), *aff'd*, 478 U.S. 364, 373, 92 L. Ed. 2d 296, 307, 106 S. Ct. 2988, 2994 (1986).

Proceedings under the Act are characterized as civil in nature, and the Code of Civil Procedure (735 ILCS 5/1-101 *et seq.* (West 2006)) and Illinois Supreme Court rules apply to all proceedings under the Act, except where otherwise provided in the Act. 725 ILCS 205/3.01 (West 2006). Though civil in nature, the Act provides to respondents certain due process protections afforded to criminal defendants, because an involuntary commitment entails a loss of liberty. *Allen*, 107 Ill. 2d at 100-02, 481 N.E.2d at 694-95. In any proceeding under the Act, a respondent has the right to demand a trial by jury and to be represented by counsel. 725 ILCS 205/5 (West 2006). A respondent also has the right to a speedy trial and a right to challenge the State's evidence and to confront and cross-examine the witnesses testifying against him. *People v. Lawton*, 212 Ill. 2d 285, 295, 818 N.E.2d 326, 332 (2004).

4

The Act is composed of two separate but interrelated proceedings: an initial commitment proceeding (725 ILCS 205/3 (West 2006)) and a recovery proceeding (725 ILCS 205/9 (West 2006)). *Trainor*, 196 Ill. 2d at 326, 752 N.E.2d at 1060. The proceedings under the Act are civil in nature, but "the burden of proof required to commit a defendant to confinement as a sexually dangerous person shall be the standard of proof required in a criminal proceedings [*sic*] of proof beyond a reasonable doubt." 725 ILCS 205/3.01 (West 2006). If the State meets its burden, the respondent is committed to the custody of the Director for an indeterminate period until he has recovered and is released. 725 ILCS 205/8 (West 2006).

Section 9 of the Act governs the recovery proceeding. 725 ILCS 205/9(a) (West 2006). Under section 9(a), a respondent who has been adjudicated sexually dangerous may file a written application that contains facts to show he has recovered and that requests a discharge or a conditional release. 725 ILCS 205/9(a) (West 2006). The application is filed in the circuit court in which the respondent was committed. 725 ILCS 205/9(a) (West 2006). Once the application is filed, the circuit clerk is required to forward a copy of the application to the Director, and the Director is required to obtain a sociopsychiatric report concerning the applicant. 725 ILCS 205/9(a) (West 2006). The circuit court then sets a hearing date. 725 ILCS 205/9(a) (West 2006). The applicant or the State may elect to have a hearing before a jury, and the State has the burden of proving by clear-and-convincing evidence that the applicant is still a sexually dangerous person. 725 ILCS 205/9(b) (West 2006).

Prior to January 1, 2006, the Act did not have a provision identifying the burden of proof and the bearer of that burden during the recovery proceeding. In August 2005, the Illinois General Assembly passed a bill (94th Ill. Gen. Assem., House Bill 245, 2005 Sess.) that amended certain provisions in section 9 of the Act, and the amended version of section 9 became effective January 1, 2006 (Pub. Act 94-0404, §5, eff. January 1, 2006). Subsection

5

(b) of section 9, as amended, provides that in a recovery proceeding the State bears the burden to prove by "clear and convincing evidence" that a respondent is still a sexually dangerous person. 725 ILCS 205/9(b) (West 2006).

In 2001, before the amendments to section 9 that took effect in January 2006, the Illinois Supreme Court was called upon to consider the underlying issue of the applicable burden of proof in a recovery proceeding as it construed the Act for purposes of determining whether the State was entitled to move for a summary judgment in a recovery proceeding. *Trainor*, 196 Ill. 2d at 325, 752 N.E.2d at 1059. In reviewing the applicable provisions of the Act, the Illinois Supreme Court noted that there was a provision which explicitly stated that the burden of proof required to commit a respondent to confinement was "beyond a reasonable doubt" and that there was no such provision declaring the burden of proof in a recovery proceeding. *Trainor*, 196 Ill. 2d at 332, 752 N.E.2d at 1063. The supreme court applied fundamental rules of statutory construction, considered the plain language in section 9 in conjunction with sections 3 and 5, and determined that the filing of an application by a respondent triggers a recovery hearing in which the State is the petitioner and bears the burden of proof. *Trainor*, 196 Ill. 2d at 334-35, 752 N.E.2d at 1065; 725 ILCS 205/3, 5, 9 (West 1998). The supreme court concluded that in the absence of an explicit legislative statement, the burden of proof in a recovery proceeding would be the beyond-a-reasonable-doubt standard utilized in the initial commitment proceeding. *Trainor*, 196 Ill. 2d at 335, 752 N.E.2d at 1065. As a result of the decision in *Trainor* and until the legislative amendments to section 9 of the Act became effective on January 1, 2006, in recovery proceedings the State was charged with the burden to prove beyond a reasonable doubt that a respondent was still a sexually dangerous person.

A long-held principle of statutory construction provides that where a court has construed terms used in a statute and the legislature thereafter defines those terms, the

6

presumption is that the court's construction was not in accordance with the original intent of the legislature. *Modern Dairy Co. v. Department of Revenue*, 413 Ill. 55, 66, 108 N.E.2d 8, 14 (1952). Conversely, when the court construes a statute and its construction is not altered, the presumption is that the construction is in harmony with the legislative intent. *Modern Dairy Co.*, 413 Ill. at 66, 108 N.E.2d at 14. "Where statutes are enacted after judicial opinions are published, it must be presumed that the legislature acted with knowledge of the prevailing case law." *People v. Hickman*, 163 Ill. 2d 250, 262, 644 N.E.2d 1147, 1153 (1994). An amendment to a statute is presumed to be intended to effect a change in the law as it formerly existed. *In re C.M.J.*, 278 Ill. App. 3d 885, 889, 663 N.E.2d 498, 501 (1996). Statutory language is given its ordinary meaning with the presumption that the legislature meant what it said. *Hickman*, 163 Ill. 2d at 262, 644 N.E.2d at 1153.

The presumptions that arise from the legislative amendments to section 9 are that the General Assembly intended to effect a change in the law as it formerly existed or that the supreme court's interpretation in *Trainor* was not in accordance with the General Assembly's original intent. The amended version of section 9 was in effect at the time of the evidentiary hearing in the recovery proceeding in the case at bar, and its provisions were followed and applied in the circuit court.

Section 9(b), as amended, expressly provides that the burden of proof in a recovery proceeding is "clear and convincing" evidence. 725 ILCS 205/9(b) (West 2006). Illinois courts have said that clear-and-convincing evidence is "the quantum of proof that leaves no reasonable doubt in the mind of the fact finder as to the truth of the proposition in question." *Bazydlo v. Volant*, 164 Ill. 2d 207, 213, 647 N.E.2d 273, 276 (1995). Although this description is stated in terms of reasonable doubt, our courts consider clear-and-convincing evidence to be more than a preponderance of the evidence and not quite approaching the beyond-a-reasonable-doubt standard necessary to convict a person of a criminal offense. *In*

7

*re D.T.*, 212 Ill. 2d 347, 362, 818 N.E.2d 1214, 1226 (2004); *Bazydlo*, 164 Ill. 2d at 213, 647 N.E.2d at 276.

The minimum standard of proof that will satisfy due process in a given type of proceeding reflects the weight of the private and pubic interests affected and a societal judgment about how the risk of error should be allocated between the parties. *Addington v. Texas*, 441 U.S. 418, 423, 60 L. Ed. 2d 323, 329, 99 S. Ct. 1804, 1808 (1979); *In re D.T.*, 212 Ill. 2d at 361, 818 N.E.2d at 1225. The party who has the more stringent burden of proof bears more of the risk of an erroneous decision. *Addington*, 441 U.S. at 423-25, 60 L. Ed. 2d at 329-30, 99 S. Ct. at 1808-09; *In re D.T.*, 212 Ill. 2d at 361, 818 N.E.2d at 1225. So, in a criminal case, the interests of the accused are of such a magnitude that the standard of proof is "designed to exclude as nearly as possible the likelihood of an erroneous judgment," and society has assumed nearly all the risk of error. *Addington*, 441 U.S. at 423-24, 60 L. Ed. 2d at 329, 99 S. Ct. at 1808. The clear-and-convincing standard of proof has been used in civil cases involving allegations of fraud and some quasi-criminal wrongdoing by a respondent where the interests "are deemed to be more substantial than mere loss of money" and in civil cases "to protect particularly important individual interests." *Addington*, 441 U.S. at 423-24, 60 L. Ed. 2d at 329-30, 99 S. Ct. at 1808. So a party burdened with the clear-and-convincing standard "shoulders a greater share of the risk of an erroneous determination." *In re D.T.*, 212 Ill. 2d at 362, 818 N.E.2d at 1226.

In considering the appropriate standard of proof in an involuntary civil commitment proceeding, the United States Supreme Court has stated that courts should assess both the extent of the individual's interest in not being involuntarily confined indefinitely and the state's interest in committing the emotionally disturbed under a particular standard of proof and, in so doing, should remain mindful that the function of legal process is to minimize the risk of an erroneous decision. *Addington*, 441 U.S. at 425, 60 L. Ed. 2d at 330, 99 S. Ct. at

8

1809. In *Addington*, the United States Supreme Court determined that in cases involving involuntary commitment, due process does not require the state to prove its case beyond a reasonable doubt and that the clear-and-convincing standard adequately balances the individual's interest in not being indefinitely confined with the state's interests in providing care and in protecting the public and meets the demands of due process. *Addington*, 441 U.S. at 431-33, 60 L. Ed. 2d at 334-35, 99 S. Ct. at 1812-13.

Our Illinois Act clearly satisfies the due process requirements under *Addington*. In the initial commitment proceeding, the State is held to a beyond-a-reasonable-doubt burden of persuasion (725 ILCS 205/3.01 (West 2006)), and thus the Act exceeds the minimum demands of due process. In the recovery proceeding, the State is held to a clear-and-convincing-evidence burden of persuasion (725 ILCS 205/9(b) (West 2006)), and the Act meets the minimum demands of due process. Respondent suggests that the burden of proof in the initial commitment proceeding and the burden of proof in the recovery proceeding should be no different because a respondent is at risk for the loss of his liberty in each proceeding. The Illinois legislature could have rationally concluded that in an initial commitment proceeding a respondent should be the beneficiary of the more stringent beyond-a-reasonable-doubt standard of proof because he has not been previously convicted of a sexual offense or found to be sexually dangerous in any prior proceeding and that the State should carry nearly all the risk of an erroneous determination. Additionally, the legislature could have rationally concluded that in a recovery proceeding the State should bear the slightly less stringent clear-and-convincing burden of proof because it has already proven beyond a reasonable doubt that a respondent is a sexually dangerous person. In the recovery proceeding the focus is on whether a respondent has recovered and has been adequately rehabilitated. The legislature could have determined that a respondent, having some responsibility for his own recovery, should bear some risk of the erroneous decision but that

9

the State should continue to bear the greater risk of an erroneous decision, *i.e.*, the risk of discharging into the community a person who has not recovered and remains sexually dangerous. The clear-and-convincing burden of proof in a recovery proceeding adequately ensures the level of certainty about the fact finder's factual determinations to satisfy due process. Respondent has not shown an inherent contradiction between requiring proof beyond a reasonable doubt in the initial commitment proceeding and requiring proof by clear-and-convincing evidence in the recovery proceeding. See *In re Detention of Kish*, 395 Ill. App. 3d at 555-56, 916 N.E.2d at 602 (there is no logical contradiction in the Act's use of the beyond-a-reasonable-doubt standard in the initial commitment proceeding and the preponderance-of-the-evidence standard in a conditional-release-revocation proceeding).

Respondent argues that the circuit court's decision to instruct the jury on a burden of proof that is less than reasonable doubt in conjunction with its decision to deny his motion for a psychiatric expert resulted in the deprivation of his right to due process because he was required to proceed to a trial without the ability to offer any evidence to counter the Department's experts while the State was faced with a lesser burden of proof.

As previously noted, commitment proceedings under the Act are civil in nature, with the goals of treatment and rehabilitation for those committed and protection for the public. *Allen*, 107 Ill. 2d at 100-02, 481 N.E.2d at 694-95. In filing a commitment petition under the Act, the State opts to seek a civil commitment *in lieu of* a criminal prosecution. 725 ILCS 205/3 (West 2006). Nevertheless, the Act affords a number of due process protections to respondents in recovery proceedings. A respondent has a right to file a written recovery application, which triggers a hearing. 725 ILCS 205/9(a) (West 2006). A respondent has the right to demand a jury trial, the right to the assistance of counsel, and the right to test the evidence and to confront and cross-examine witnesses, including the Department's psychiatric experts. 725 ILCS 205/5 (West 2006). The Act does not provide a respondent

10

with the right to demand the appointment of an independent psychiatric expert at the State's expense in either the initial commitment proceeding or the recovery proceeding, but a respondent may move for the appointment of an independent psychiatric expert if he believes that the Department's experts are biased or prejudiced. See *People v. Burns*, 209 Ill. 2d 551, 569, 809 N.E.2d 107, 118-19 (2004); *People v. Capoldi*, 37 Ill. 2d 11, 18-19, 225 N.E.2d 634, 638 (1967). If the fact finder determines that a respondent continues to be a sexually dangerous person, the respondent is permitted to file a new application no less than one year after the finding, except if a subsequent application is accompanied by a statement from the treatment provider that he has made exceptional progress and the application contains facts showing his condition has so changed that a hearing is warranted, then the respondent may file a new application sooner. 725 ILCS 205/9(d) (West 2006).

It is clear that an unsuccessful application for recovery results in a respondent's continued commitment and loss of liberty. It is also clear that the State has strong interests in providing treatment for persons adjudged sexually dangerous and in protecting the community by sequestering those persons until they are recovered and rehabilitated. It is important to note that in a recovery proceeding the State bears the burden to prove that a respondent continues to be sexually dangerous and that the clear-and-convincing-evidence standard nearly approaches the criminal standard of proof in terms of the allocation of the risk of error between the parties. *In re D.T.*, 212 Ill. 2d at 361, 818 N.E.2d at 1225. It is also important to note that the Act imposes no limit on the number of recovery applications that can be filed and that bestowing on a respondent the right to demand the appointment of an independent psychiatric expert at the State's expense for each and every recovery application would impose substantial fiscal and administrative burdens on the State. *Burns*, 209 Ill. 2d at 567, 809 N.E.2d at 117. When we consider the foregoing factors, respondent has not convinced us that because the clear-and-convincing evidence applies in a recovery

11

proceeding, due process requires the appointment of an independent expert at the State's expense. Respondent has not established a violation of due process where the circuit court denied him an independent expert and then instructed the jury on a burden of proof that was less than reasonable doubt in a recovery proceeding where a loss of liberty was at risk.

In this case, respondent demanded and received a jury trial. He was represented by court-appointed counsel. Respondent did not show any bias or prejudice on the part of the Department professionals who testified during the recovery proceedings, and there is no presumption that the Department professionals are biased. *Burns*, 209 Ill. 2d at 567-68, 809 N.E.2d at 118. Respondent had an opportunity to test the State's position, to cross-examine the State's witnesses, and to present evidence in support of his application. The circuit court properly instructed the jury that the State bore the burden to prove by clear-and-convincing evidence that respondent remained a sexually dangerous person. The instruction was given in accordance with subsection (b) of section 9 of the Act (725 ILCS 205/9(b) (West 2006)), and the burden of proof as set forth in that subsection is clear and unambiguous. Respondent has failed to establish a due process violation.

Accordingly, the judgment of the circuit court is affirmed.


Affirmed.


GOLDENHERSH, P.J., and WELCH, J., concur.

NO. 5-08-0360

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Petitioner-Appellee, | ) | Wayne County. |
| | ) | |
| v. | ) | No. 98-CF-135 |
| | ) | |
| CHRISTOPHER L. CRAIG, | ) | Honorable |
| | ) | Barry L. Vaughan, |
| Respondent-Appellant. | ) | Judge, presiding. |

---

**Opinion Filed**:        August 20, 2010

---

**Justices**:       Honorable James K. Donovan, J.

                 Honorable Richard P. Goldenhersh, P.J., and
                 Honorable Thomas M. Welch, J.,
                 Concur

---

**Attorney for Appellant**     Jason M. Barnhart, Endicott, Finch & Barnhart, P.O. Box 545, Carmi, IL 62821

---

**Attorneys for Appellee**     Hon. Kevin Kakac, State's Attorney, Wayne County Courthouse, Fairfield, IL 62837; Patrick Delfino, Director, Stephen E. Norris, Deputy Director, Jennifer Camden, Staff Attorney, Office of the State's Attorneys Appellate Prosecutor, 730 E. Illinois Highway 15, Suite 2, P.O. Box 2249, Mt. Vernon, IL 62864