NOTICE
Decision filed 03/18/15. The
text of this decision may be
changed or corrected prior to
the filing of a Peti ion for
Rehearing or the disposition of
the same.

2015 IL App (5th) 130416

NO. 5-13-0416

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT
_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Petitioner-Appellee, | ) | Johnson County. |
| | ) | |
| v. | ) | No. 99-CF-106 |
| | ) | |
| JAMES E. GRANT, | ) | Honorable |
| | ) | James R. Williamson, |
| Respondent-Appellant. | ) | Judge, presiding. |

_____

JUSTICE CHAPMAN delivered the judgment of the court, with opinion.
Presiding Justice Cates and Justice Welch concurred in the judgment and opinion.

**OPINION**

¶ 1    The respondent, James E. Grant, was committed under the Sexually Dangerous Persons Act (Act) (725 ILCS 205/0.01 *et seq.* (West 2012)). Subsequently, he filed an application for discharge or conditional release. An evaluation of the respondent was prepared and filed with the court. A team of evaluators found that the respondent was not a sexually dangerous person and recommended conditional release. The State filed a motion to appoint an independent psychiatrist to examine the respondent. The court granted the State's motion over the respondent's objection and denied the respondent's request to appoint his own independent psychiatrist. A jury found that the respondent

1

remained subject to commitment as a sexually dangerous person. The respondent appeals, arguing that the court erred and violated his constitutional rights by appointing an expert for the State and denying his request for his own expert. We reverse and remand for further proceedings consistent with this decision.

¶ 2    In 1999, the respondent was charged with attempted aggravated criminal sexual assault, aggravated battery, and home invasion. These charges stemmed from an attempted sexual assault of an adult neighbor. He was also charged with residential burglary in three unrelated cases, each of which involved the theft of women's underwear. He was initially found unfit to stand trial. Subsequently, he was found fit to stand trial. However, the State opted to file a petition for commitment under the Act in lieu of prosecution on one of the residential burglary charges. In April 2002, the respondent was declared a sexually dangerous person and committed to the custody of the Department of Corrections (DOC).

¶ 3    The respondent filed recovery applications alleging that he was no longer sexually dangerous in 2005 and 2010. Those applications were denied. On July 12, 2012, the respondent filed a third application alleging that he was no longer sexually dangerous and requesting that he be discharged or conditionally released. Along with his application, he filed a motion for the appointment of an independent psychiatrist, which the court denied.

¶ 4    On November 26, 2012, the DOC filed with the court a sociopsychiatric report prepared by an evaluation team consisting of a licensed clinical social worker, a psychologist, and a psychiatrist. The report discussed the respondent's history prior to his commitment in 2002. The evaluators noted that he had no sex offense convictions prior

2

to the 1999 charges that led to his commitment; however, the respondent was the subject of an indicated report with the Department of Children and Family Services in 1990. That report indicated that he had sexually abused his three-year-old stepdaughter. In addition, the evaluators noted that the respondent was diagnosed with pedophilia in 1992.

¶ 5 The report then discussed the respondent's progress through treatment programs. The evaluators noted that he had made very little progress. They also stated that the respondent had poor insight into his mental illnesses and continued to deny or downplay his actions. They noted that the respondent suffered from developmental disabilities and a speech impediment as well as depression. They diagnosed the respondent as suffering from fetishism, mild mental retardation, and a personality disorder, not otherwise specified, with narcissistic and paranoid traits. They concluded, however, that the respondent posed a low risk of reoffending for two reasons. First, they found that he did not suffer from a mental disorder that would predispose him toward sexual violence. In addition, his score on the Static 99R test indicated a low risk for recidivism. The evaluation team recommended that the respondent be conditionally released.

¶ 6 The State filed a motion for the appointment of an independent psychiatrist. In this motion, the State alleged that it objected to portions of the evaluators' report and that it wanted the court to appoint Dr. Angeline Stanislaus. The respondent filed an objection to the State's motion, arguing that the State was not entitled to the appointment of an independent evaluator unless it could demonstrate bias on the part of the evaluators who prepared the report. Additionally, the respondent requested that the court appoint an independent psychiatrist for him in the event it granted the State's motion.

¶ 7      On April 17, 2013, the court held a hearing.  Addressing the prosecutors, the court asked, "I take it the State's experts are saying that Mr. Grant is, in their opinion, eligible for conditional release, *** am I stating that correctly?"  One of the prosecutors responded, "I have an issue with the individuals that prepared the socio-psychological report being referred to as 'the State's experts.' "  She explained that this was because the State's Attorney has no control over who is assigned by the DOC to prepare the reports, and the DOC is "certainly not the equivalent or synonymous with the State's Attorney's office."  She argued that "it would unfairly tie our hands to go with whatever expert the Department of Corrections" had chosen.

¶ 8      In response, counsel for the respondent pointed out that a respondent can only have an independent expert appointed if he can show bias on the part of the DOC evaluators.  He argued, as he does in this appeal, that it would be unfair to allow the State to have an independent examiner without having to meet this same standard.  The prosecutor pointed out that a respondent is allowed to have his own expert without showing prejudice if he can pay the expert on his own.  She argued that the State's request for an independent psychiatric examination here was the equivalent of a respondent retaining his own expert.  She emphasized that defense counsel cannot "dictate to the State's Attorney's office how they use their funds that is [*sic*] set aside for expert witnesses."

¶ 9      The court granted the State's motion.  The respondent then argued in favor of his request for a court-appointed independent expert of his own.  Counsel stated, "I don't think it's fair that just because the State has a bigger budget that they get an independent

4

expert while Mr. Grant doesn't." The court denied the request, noting that the respondent could not show any bias on the part of the experts who prepared the report.

¶ 10 The matter proceeded to a jury trial, and the jury found that the respondent was still a sexually dangerous person in need of continued commitment. This appeal followed.

¶ 11 On appeal, the respondent argues that the court erred and violated his constitutional rights by appointing an independent expert for the State. He also challenges the court's ruling on a motion *in limine* and the court's refusal to give several of his tendered jury instructions. We find that the court's decision to appoint the expert chosen by the State's Attorney requires us to reverse the order and remand this matter for new proceedings on the respondent's recovery petition. As such, we need not address these additional issues.

¶ 12 An overview of the Act will be helpful to our resolution of the question before us. Under the Act, the State may file a petition seeking the indeterminate commitment of a criminal defendant in lieu of prosecution if prosecutors believe that defendant is sexually dangerous. *People v. Burns*, 209 Ill. 2d 551, 553 (2004). The Act defines a sexually dangerous person as someone who suffers from a mental disorder "coupled with criminal propensities to the commission of sex offenses" and has shown a propensity to commit acts of sexual assault or molestation against children. 725 ILCS 205/1.01 (West 2012). Once the State files a petition seeking to commit a respondent, the court must appoint two psychiatrists or psychologists to examine the respondent to determine whether he meets these criteria. 725 ILCS 205/4 (West Supp. 2013) (requiring the court to appoint "two

qualified evaluators"); 725 ILCS 205/4.01 (West Supp. 2013) (defining a "qualified evaluator" as a licensed physician or psychologist "or any other licensed professional who specializes in the evaluation of sex offenders").  We emphasize that the two evaluators are chosen by the court, not by the parties.  The court must then hold a hearing to determine whether the respondent is a sexually dangerous person as defined by the Act.  At least one of the court-appointed psychiatric experts must testify.  *People v. Trainor*, 196 Ill. 2d 318, 327 (2001).

¶ 13    Although proceedings under the Act are civil in nature (725 ILCS 205/3.01 (West 2012)), many of the protections afforded criminal defendants are also applicable here.  This is because the proceedings "may result in deprivation of liberty and incarceration in the penitentiary for psychiatric treatment."  *Trainor*, 196 Ill. 2d at 328.  A respondent in sexually dangerous persons proceedings has the right to a jury trial and the right to a court-appointed attorney if he cannot afford to retain private counsel.  725 ILCS 205/5 (West 2012).  The State must prove that the respondent meets the criteria for commitment beyond a reasonable doubt.  725 ILCS 205/3.01 (West 2012).

¶ 14    At any time after being committed under the Act, a respondent may file a recovery application alleging that he is no longer a sexually dangerous person.  Most of the procedural safeguards applicable to proceedings on the State's commitment petition are also applicable to proceedings on a recovery application.  *Trainor*, 196 Ill. 2d at 331.  There are, however, two differences.  At a recovery hearing, the State must prove the respondent is still a sexually dangerous person by clear and convincing evidence, rather than the more exacting beyond-a-reasonable-doubt standard.  725 ILCS 205/9(b) (West

6

2012).  In addition, the respondent is to be examined and evaluated by an evaluator or team of evaluators at the direction of the Director of the DOC, not by court-appointed evaluators.  725 ILCS 205/9(a) (West Supp. 2013).  Significantly for purposes of this appeal, the evaluators are selected by the DOC, not by either of the parties.

¶ 15    The Act does not explicitly provide either party a right to a court-appointed expert in addition to those selected by the court for commitment proceedings or by the DOC for recovery proceedings.  *People v. Craig*, 403 Ill. App. 3d 762, 770 (2010).  However, courts have held that a respondent is entitled to the assistance of a court-appointed psychiatric expert at the State's expense if he can show that the evaluators chosen by the DOC are biased against him.  *Burns*, 209 Ill. 2d at 562; *Craig*, 403 Ill. App. 3d at 770. In addition, a respondent is permitted to retain an expert of his choosing at his own expense and present any relevant evidence to the court.  See 725 ILCS 205/9(a) (West 2012) (providing that the court "shall consider" the recovery report prepared by the evaluators chosen by the DOC along with "any other relevant information submitted by or on behalf of" the respondent); 725 ILCS 209/9(c) (West 2012) (providing that if a respondent refuses to speak with the evaluators assigned by the DOC, he may only introduce expert testimony from an expert retained to review his records).

¶ 16    The respondent argues that the court erred and violated his constitutional rights by granting the State's motion for the appointment of an independent expert.  His argument is twofold.  First, he contends that the State was not held to the same standard a respondent must meet in order to have a court-appointed independent expert–that is, the State was allowed to have the expert of its choice appointed without demonstrating any

7

bias on the part of the evaluators chosen by the DOC. Second, he argues that the court compounded this error by denying his request to appoint an independent expert.

¶ 17 We review *de novo* an individual's contention that his constitutional rights have been violated. We also review *de novo* questions of statutory interpretation. *People v. Craig*, 403 Ill. App. 3d 762, 765 (2010). Applying this standard, we agree with the respondent that the court erred by granting the State's motion and appointing the expert of the State's Attorney's choice. We further agree that the court's denial of the respondent's request for the appointment of an independent expert in the face of this decision ran afoul of the requirements of due process.

¶ 18 We reach these conclusions for three reasons. First, we find that the Act does not contemplate the appointment of an independent expert chosen by the State's Attorney. Second, assuming there are unusual circumstances under which the State may object to the report prepared by the DOC's evaluation team, in this case, the State was allowed its choice of expert without showing that such circumstances existed. Third, if the State has the benefit of choosing its own expert, denying the respondent the right to a court-appointed expert at the State's expense violates due process.

¶ 19 As the State acknowledges, nothing in the Act or any cases interpreting it expressly provides the State the right to a court-appointed expert of its choice. However, as the State correctly notes, nothing in the Act or cases expressly prohibits such an appointment either. As both parties note, all of the cases addressing the right to a court-appointed independent expert deal with a *respondent's* request for a court-appointed expert. As such, they provide little guidance in answering the question before us.

8

¶ 20 The respondent argues that, at the very least, the State should be held to the same standard as a respondent if it wants to have an independent expert appointed to present evidence on its behalf. The State argued at trial that its request for the appointment of an independent psychiatrist should be treated as the equivalent of a nonindigent respondent's decision to retain an expert of his choice at his own expense. On appeal, the State contends that it should be entitled to have its chosen expert appointed without demonstrating any bias on the part of the DOC evaluators because its role is different from that of the respondent and it bears the burden of proof by clear and convincing evidence. We find no support in the Act for the State's position.

¶ 21 We have set out the procedures put in place by the legislature under the Act in detail. As we have emphasized, both stages of proceedings under the Act call for the respondent to be evaluated by professionals who are not chosen by either party. This procedure contemplates reliance on impartial experts rather than a battle of experts retained by the parties.

¶ 22 We need not go so far as to hold that there are *never* circumstances under which the State may object to the report prepared by the evaluators chosen by the DOC. However, we believe it is abundantly clear that the State is not entitled to object simply because it does not agree with the conclusion of the evaluators and does not want prosecutors' "hands tied."

¶ 23 As previously discussed, a respondent is only entitled to the assistance of a court-appointed expert at the State's expense in cases where the respondent can demonstrate a bias on the part of the evaluators assigned to prepare the report. *Burns*, 209 Ill. 2d at 562.

9

A respondent is not entitled to have a court-appointed expert merely because the evaluators find that he has not recovered. See *Burns*, 209 Ill. 2d at 561-62 (rejecting this contention). Rather, the respondent must show that the evaluators "will not give an honest and unprejudiced opinion of the respondent's mental condition." *Burns*, 209 Ill. 2d at 562. Here, the State was not held to that standard. The State did not even allege, much less demonstrate, that the evaluators were biased against the State. Given that it is the respondent whose liberty is at stake in proceedings under the Act, it would be absurd to hold the State to a lower standard than the respondent. Thus, assuming the State is entitled to object to the DOC evaluation under *any* circumstances, it was not so entitled here.

¶ 24 Moreover, even if the State can demonstrate some sort of extraordinary circumstance justifying the appointment of an additional expert to examine the respondent, it would not be entitled to choose that expert. As we will explain next, if the State is allowed to choose a psychiatric expert, due process requires that the respondent be given the same right. However, this procedure would be at odds with the Act's provisions calling for the appointment of impartial psychiatric experts not chosen by either party. We conclude that the court erred by granting the State's motion for the appointment of an independent expert.

¶ 25 As discussed earlier, the respondent further argues that this error was compounded when the court denied his request to appoint an independent expert. We agree. We further find that this decision impinged on his right to due process of law.

10

¶ 26   As previously discussed, the trial court reasoned that the respondent could not demonstrate bias on the part of the evaluators chosen by the DOC to prepare the report. This reasoning overlooks the rationale supporting those cases which hold that due process does not require the appointment of an independent expert for the respondent absent a showing of actual bias on the part of the experts chosen by the DOC. Our supreme court explained in *Burns* that the people chosen by the DOC to prepare the sociopsychiatric report for a recovery petition are generally the people who treat the respondent. In light of this, the evaluators have a professional obligation to the respondent as a patient. *Burns*, 209 Ill. 2d at 567-68. It is because of this relationship that courts have found that due process does not require the appointment of an independent expert in most cases. *Burns*, 209 Ill. 2d at 568. In addition, as we have repeatedly emphasized, these evaluators are chosen by the DOC, not by the State's Attorney. As such, absent a showing to the contrary, it is reasonable to presume that they will be impartial.

¶ 27   This presumption of impartiality does not apply to a psychiatric expert chosen by the State's Attorney. An expert chosen and retained by an adverse party is, by definition, not impartial. Thus, if the State is allowed to choose its own expert, due process demands the appointment of an independent examiner for the respondent. Under the circumstances of this case, the court's denial of the respondent's request ran afoul of this requirement.

¶ 28   For the foregoing reasons, we find that the appointment of an independent expert of the State's choosing would require the appointment of an expert for the respondent in order to comport with due process. As stated earlier, however, the Act does not

contemplate this type of battle between party-retained experts. As such, we conclude that the Act does not allow the State to seek the appointment of its own chosen expert.

¶ 29    For these reasons, we reverse the order of the court finding the respondent to be a sexually dangerous person subject to commitment. We remand the matter to the trial court for new proceedings on the respondent's recovery petition that are consistent with this decision.

¶ 30    Reversed; cause remanded.

2015 IL App (5th) 130416

NO. 5-13-0416

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

_____

THE PEOPLE OF THE STATE OF ILLINOIS,    )    Appeal from the
    )    Circuit Court of
    Petitioner-Appellee,    )    Johnson County.
    )
v.    )    No. 99-CF-106
    )
JAMES E. GRANT,    )    Honorable
    )    James R. Williamson,
    Respondent-Appellant.    )    Judge, presiding.

_____

**Opinion Filed:**    March 18, 2015

_____

**Justices:**    Honorable Melissa A. Chapman, J.

    Honorable Judy L. Cates, P.J., and
    Honorable Thomas M. Welch, J.,
    Concur

_____

**Attorney**
**for**
**Appellant**    Cord Z. Wittig, Kruger, Henry & Hunter, 110 W. 5th Street, P.O. Box 568, Metropolis, IL 62960

_____

**Attorneys**
**for**
**Appellee**    Tambra K. Cain, Johnson County State's Attorney, Johnson County Courthouse, Vienna, IL 62995; Patrick Delfino, Director, David J. Robinson, Deputy Director, Perry Miller, Staff Attorney, State's Attorneys Appellate Prosecutor, 725 South Second Street, Springfield, IL 62704

_____