NOTICE

Decision filed 02/22/22. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2022 IL App (5th) 210155

NO. 5-21-0155

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Petitioner-Appellee, | ) | Wayne County. |
| | ) | |
| v. | ) | No. 11-CF-92 |
| | ) | |
| EDWARD ABEL, | ) | Honorable |
| | ) | Michael J. Molt, |
| Respondent-Appellant. | ) | Judge, presiding. |

_____

JUSTICE WELCH delivered the judgment of the court, with opinion.
Presiding Justice Boie and Justice Cates concurred in the judgment and opinion.

**OPINION**

¶ 1    On September 9, 2011, the circuit court of Wayne County civilly committed the respondent, Edward Abel, as a sexually dangerous person under the Sexually Dangerous Persons Act (Act) (725 ILCS 205/0.01 *et seq.* (West 2010)).

¶ 2    In February 2019, the respondent filed an application for discharge/conditional release. Subsequently, he filed a motion for appointment of an independent evaluator at the State's expense. On March 16, 2020, the trial court denied the respondent's motion. By agreement of the parties, the court conducted a stipulated bench trial as to the respondent's application for discharge/conditional release on February 22, 2021. The court denied the application.

1

¶ 3    The respondent appeals, arguing that (1) he was denied due process when the trial court denied his motion for an independent evaluator and (2) the denial of his motion violated his right to equal protection. For the reasons that follow, we affirm.

¶ 4                                  I. BACKGROUND

¶ 5    On September 9, 2011, the State filed a petition pursuant to the Act against the respondent. The petition alleged that, in 2006 and 2010, the respondent was convicted of aggravated criminal sexual abuse and that he was facing an additional charge for aggravated criminal sexual abuse. The petition also alleged that the respondent had a mental disorder, which, when coupled with his criminal propensity to commit sex offenses, demonstrated that he had a propensity toward acts of sexual assault or sexual molestation against children. The State requested that the respondent be found to be a sexually dangerous person as defined in the Act. On December 3, 2012, a bench trial was held, and the trial court found that the respondent was a sexually dangerous person. He was committed to the custody of the director of the Illinois Department of Corrections.

¶ 6    On February 28, 2019, the respondent, who is indigent, filed a *pro se* petition for discharge/conditional release pursuant to section 9 of the Act (*id.* § 9). He asked the trial court to determine that his current mental status no longer rendered him sexually dangerous and grant his release. He subsequently filed a motion for an independent psychiatric examination.

¶ 7    On December 9, 2019, appointed counsel filed the respondent's first amended motion for appointment of an independent evaluator at the State's expense, asking that the trial court allow an independent expert to examine the respondent to determine whether he had made sufficient progress in treatment to be conditionally released. A hearing on the request for an independent expert was held on February 11, 2020. The parties agreed to address only the issue of whether the respondent was entitled to an independent evaluator at the State's expense as a legal issue under

2

the Act and the United States Constitution. If the court denied his motion, the factual issue of whether the evaluator contracted by the Department of Corrections, Dr. Kristopher Clounch, was biased would be addressed.

¶ 8    On March 16, 2020, the trial court denied the respondent's first amended motion for appointment of an independent evaluator at the State's expense. The court found that the respondent did not show that Dr. Clounch was unqualified or biased so that an additional evaluation would be required, citing *People v. Grant*, 2016 IL 119162, *People v. Burns*, 209 Ill. 2d 551 (2004), and *People v. Houde*, 2019 IL App (3d) 180309. The respondent filed a motion to reconsider the order on April 13, 2020, which was denied.

¶ 9    By agreement of the parties, the trial court conducted a stipulated bench trial on February 22, 2021. The parties stipulated that Dr. Clounch, a licensed psychologist and sex offender evaluator, would be admitted as an expert in the recovery hearing. It was further stipulated that Dr. Clounch would testify that he personally examined the respondent; assessed the respondent's mental condition and probability of recidivism; filed an evaluation under the Act on June 28, 2019, containing his clinical opinion based upon his education and experience; reviewed additional treatment records up to June 2020; and confirmed his opinion. The parties stipulated that no witnesses, including the respondent, would testify and that no other evidence beyond Dr. Clounch's evaluation would be considered. Dr. Clounch's 40-page evaluation concluded, to a reasonable degree of psychological certainty, that the respondent remained sexually dangerous.

¶ 10    On February 24, 2021, the trial court entered its judgment and order of remand, finding that the State disproved the allegations of the respondent's petition for discharge/conditional release and that the respondent was still sexually dangerous. The respondent filed a motion to reconsider the judgment and the order denying his first amended motion for appointment of an

independent evaluator at the State's expense. On May 3, 2021, the court denied the motion to reconsider. The respondent filed his notice of appeal on June 2, 2021.

¶ 11                                   II. ANALYSIS

¶ 12    On appeal, the respondent makes two contentions. First, that he was denied due process when the trial court denied his motion for an independent evaluator. Second, that the denial of his motion violated his right to equal protection.

¶ 13                                   A. Due Process

¶ 14    The respondent initially contends that he was denied due process when the trial court denied his motion for an independent evaluator at the State's expense. Claims of due process violations are questions of law that we review *de novo*. *People v. Craig*, 403 Ill. App. 3d 762, 765 (2010). In determining whether procedures are sufficient to comply with due process, courts balance three factors:

> "(1) the private interest that will be affected by the official action; (2) the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute safeguards; and (3) the government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedure requirement would entail." *Burns*, 209 Ill. 2d at 566 (citing *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976)).

¶ 15    The Act provides for the involuntary civil commitment of individuals declared sexually dangerous as an alternative to criminal prosecutions. *Craig*, 403 Ill. App. 3d at 765. The Act serves both society and the individuals, as it provides treatment for sexually dangerous persons with the goals of recovery and rehabilitation while also protecting the public by sequestering sexually dangerous persons until they have recovered. *Id.* Although proceedings under the Act are civil in

4

nature, respondents are provided certain due process protections that are afforded to criminal defendants. *Id.* at 766. This is because an involuntary commitment constitutes a loss of liberty. *Id.* In any proceeding under the Act, a respondent has the right to demand a jury trial and to representation by counsel. 725 ILCS 205/5 (West 2018). A respondent also has the right to a speedy trial, to challenge the State's evidence, and to confront and cross-examine the witnesses against him. *Craig*, 403 Ill. App. 3d at 766.

¶ 16    "The Act is composed of two separate but interrelated proceedings: an initial commitment proceeding [citation] and a recovery proceeding [citation]." *Id.* At issue in this case is the recovery proceeding, which is governed by section 9 of the Act (725 ILCS 205/9 (West 2018)). Under section 9(a), a respondent who has been adjudicated sexually dangerous may file a written application containing facts showing he has recovered. *Id.* § 9(a). After the application is filed in the circuit court in which respondent was committed, the circuit court clerk is required to forward a copy of the application to the director of the Department of Corrections. *Id.* The director must then obtain a socio-psychiatric report concerning the applicant, which is sent to the circuit court. *Id.* The circuit court then sets a hearing date. *Id.* The applicant or the State may elect to have a hearing before a jury, and the State has the burden to prove by clear and convincing evidence that the applicant is still sexually dangerous. *Id.* § 9(b). A sexually dangerous person is allowed to file a new recovery application no sooner than two years after a finding that the person is still sexually dangerous. *Id.* § 9(d).

¶ 17    The Illinois Supreme Court has repeatedly held that due process does not entitle a respondent to an independent evaluator in the absence of evidence that the evaluator chosen by the Department of Corrections is biased or prejudiced. *Grant*, 2016 IL 119162, ¶ 26; *Burns*, 209 Ill. 2d at 574. In *Burns*, respondent applied for discharge from involuntary commitment under the Act

5

and moved for an independent psychiatric examination. *Burns*, 209 Ill. 2d at 554-55. In his motion, respondent alleged that the psychiatrist assigned to his case would not be able to give him an independent examination because the psychiatrist was an employee of the State and would therefore comply with the Department of Corrections' desire to find respondent still qualified as a sexually dangerous person. *Id.* at 555. The court determined that Department of Corrections' professionals who are employed by the institution where respondent is confined are not presumed biased or prejudiced. *Id.* at 567-68. The court also determined that independent psychiatric experts are not presumed to always testify contrary to the Department of Corrections' professionals or always testify in favor of discharge. *Id.* at 568-69.

¶ 18    In addressing the issue in *Burns*, the supreme court discussed *People v. Capoldi*, 37 Ill. 2d 11 (1967), and *People v. Trainor*, 196 Ill. 2d 318 (2001). The court in *Capoldi* denied respondent's request for an independent psychiatrist after determining there was no provision in the Act entitling him to an independent psychiatrist, and the court did not find that such services were necessary to protect respondent's rights. *Capoldi*, 37 Ill. 2d at 18. A respondent filing a recovery petition under section 9 is not entitled to an independent psychiatric expert unless he can show that the experts employed by the State will not give an honest and unprejudiced opinion of respondent's mental condition. *Id.* at 18-19.

¶ 19    Thereafter, in *Trainor*, the supreme court reaffirmed that a respondent seeking discharge under section 9 is not entitled to an independent psychiatric expert. See *Trainor*, 196 Ill. 2d at 339, 341. At issue there was whether the State could move for summary judgment on a respondent's recovery application. The court found that because the State bears the burden of proof at a recovery proceeding, and because a respondent has a right to counsel and to demand a jury trial, summary

6

judgment was not appropriate in such proceedings because it would relieve the State of its burden of proof and circumvent a respondent's right to a jury trial. *Id.* at 340-41.

¶ 20 In analyzing the procedure previously followed by the appellate court, the supreme court explained:

"If the recovery hearing scheme created by the appellate court, which places the burden of proof on the defendant, was approved, a defendant would gain nothing in terms of an opportunity to regain his freedom. *Because, according to Illinois law, the trial court is not required to provide an independent psychiatrist to the defendant under the Act, the defendant would have nothing but his own application to present to the trier of fact. People v. McVeay*, 302 Ill. App. 3d 960, 964 (1999). The necessarily limited allegations made in the defendant's application alone would almost always be insufficient to sustain the burden placed on him to show by a preponderance of the evidence that he has recovered." (Emphasis added.) *Id.* at 339.

Moreover, in addressing the issue of summary judgment, the court again noted, "defendant is not entitled to appointment of an independent expert." *Id.* at 341.

¶ 21 The *Burns* court refused to speculate about whether *Trainor* intended to hold that an independent psychiatric exam is required in a recovery proceeding. Had the supreme court intended to so hold, it would have done so, especially since the appellate court in *Trainor* specifically addressed the issue and held that a respondent in a recovery proceeding was not entitled to the appointment of an independent expert. *Burns*, 209 Ill. 2d at 565. "Instead of reversing the appellate court's ruling, *Trainor* twice quite clearly stated that a trial court is not required to provide an independent psychiatrist during recovery proceedings under the[Act]." *Id.*

7

¶ 22   The *Burns* court also clarified that a respondent is not even entitled to an independent psychiatric expert at the initial commitment proceedings under the Act. *Id.* Instead, section 4 of the Act provides that a respondent shall be examined by two evaluators appointed by the trial court at the initial commitment proceeding. *Id.*; see also 725 ILCS 205/4 (West 2018). "Nothing in section 4 of the [Act] provides that a trial court must allow a respondent to retain his own independent psychiatric expert." *Burns*, 209 Ill. 2d at 565; see also 725 ILCS 205/4 (West 2018); *McVeay*, 302 Ill. App. 3d at 964.

¶ 23   After the preceding cases were decided, however, section 9 of the Act was amended in 2013 so that the current procedure states:

"(a) An application in writing setting forth facts showing that the sexually dangerous person or criminal sexual psychopathic person has recovered may be filed before the committing court. Upon receipt thereof, the clerk of the court shall cause a copy of the application to be sent to the Director of the Department of Corrections. The Director shall then cause to be prepared and sent to the court a socio-psychiatric report concerning the applicant. *The report shall be prepared by an evaluator licensed under the Sex Offender Evaluation and Treatment Provider Act* [(225 ILCS 109/1 *et seq.* (West 2018))]. The court shall set a date for the hearing upon the application and shall consider the report so prepared under the direction of the Director of the Department of Corrections and any other relevant information submitted by or on behalf of the applicant." (Emphasis added.) 725 ILCS 205/9(a) (West 2018).

Whereas the prior version provided that a socio-psychiatric report concerning the applicant "*shall be prepared by a social worker and psychologist under the supervision of a licensed psychiatrist*

*assigned to the institution wherein such applicant is confined.*" (Emphasis added.) 725 ILCS 205/9 (West 2010).

¶ 24    The respondent argues that this amendment altered the procedural safeguards so that the aforementioned case law is no longer precedential and due process now requires an independent evaluator to be appointed. He contends that with respect to the second *Mathews* factor, "the risk of an erroneous deprivation of liberty in a § 9 recovery hearing has escalated since 2013 under the new recovery procedure utilizing only one contract evaluator." The State responds that the amendment does not undermine the due process analysis from *Burns*, as the statute still contains sufficient procedural safeguards to protect against the risk of an incorrect result in a recovery proceeding. We agree with the State's position.

¶ 25    In reviewing the *Mathews* considerations in the present case, the private interest at stake is the respondent's liberty interest. We acknowledge that " 'civil commitment for any purpose constitutes a significant deprivation of liberty that requires due process protection.' " *Burns*, 209 Ill. 2d at 566 (quoting *Addington v. Texas*, 441 U.S. 418, 425 (1979)); see also *Craig*, 403 Ill. App. 3d at 766. However, it has also been reiterated with respect to the third factor that the State has a strong interest in treating sexually dangerous persons and in protecting the public from the dangerous tendencies of those individuals. *Burns*, 209 Ill. 2d at 566 (citing *Allen v. Illinois*, 478 U.S. 364, 373 (1986)). "Indeed, the purpose of the [Act] is to protect the public by sequestering the sexually dangerous person until he is recovered and to provide treatment to the sexually dangerous person so that he may recover and be rehabilitated." *Id.* at 566-67. We also find it important to note, as relevant to the third factor, that requiring trial courts to grant any request by an indigent recovery applicant for the appointment of an independent evaluator at the State's expense would impose significant fiscal and administrative burdens on the State, even with the

9

newly imposed limit that a respondent may only file a recovery application two years after he was last found to be sexually dangerous. See 725 ILCS 205/9(d) (West 2018).

¶ 26 As to the second factor, we find that the risk of an erroneous deprivation of the respondent's liberty interest is minimal, considering the procedural safeguards contained in the Act. Although section 9 was amended, the Act still provides sufficient protections for sexually dangerous persons during recovery proceedings. The amendment at issue calls for the socio-psychiatric report concerning the applicant to be prepared by "an evaluator licensed under the Sex Offender Evaluation and Treatment Provider Act," instead of "a social worker and psychologist under the supervision of a licensed psychiatrist assigned to the institution wherein such applicant is confined." We begin by noting that the reduction of the number of evaluators from three to one does not alter the due process analysis, as the *Burns* court did not rely on the fact that three evaluators were involved in preparing the socio-psychiatric report as part of its due process analysis.

¶ 27 The Sex Offender Evaluation and Treatment Provider Act (Provider Act) (225 ILCS 109/5 (West 2018)) was enacted "to establish standards of qualifications for sex offender evaluators and sex offender treatment providers" to protect the public from unauthorized or unqualified sex offender evaluators and treatment providers and from unprofessional conduct by licensed sex offender evaluators and treatment providers. In furtherance of this legislative intent, the Provider Act sets forth certain educational and clinical requirements for licensure and for license renewal. *Id.* §§ 35, 80. Evaluators and treatment providers licensed under the Provider Act are also subject to regulation and discipline by the Sex Offender Evaluation and Treatment Provider Licensing and Disciplinary Board. See *id.* § 20. Thus, under the new statutory procedure, respondents in recovery proceedings are provided with the additional safeguard that the socio-psychiatric report will be

10

prepared by a licensed and qualified evaluator, where the examiners were not required to be licensed before the amendment. See *Burns*, 209 Ill. 2d at 572.

¶ 28    We also decline to find a due process violation based on the argument that the evaluator who prepares the report is no longer personally involved in a respondent's treatment and is chosen by the director of the Department of Corrections with no input from respondent. The prior statute did not allow respondents' input into who was chosen to prepare the report. In this case, although Dr. Clounch was not personally involved in the respondent's treatment, Dr. Clounch reviewed the respondent's treatment records when preparing the evaluation and interviewed the respondent. Moreover, Dr. Clounch was not employed by the State but was instead contracted by the State to prepare the report. We will not presume that he was inherently biased due to his affiliation with the State. See *id.* at 567-68. There is no indication that an evaluator chosen by the State will never recommend discharge, just as there is no evidence that an expert hired by respondent will always recommend discharge. See *id.* at 568-69.

¶ 29    Further, a respondent may be entitled to the appointment of an independent evaluator if he can establish that the State's evaluator was biased or prejudiced. *Id.* at 574; *Capoldi*, 37 Ill. 2d at 18-19. We find this sufficient to protect a respondent's due process rights when combined with the additional protections that a respondent in a recovery proceeding is provided, including the rights to demand a jury trial, to representation by counsel, to a speedy trial, to challenge the State's evidence, and to confront and cross-examine the witnesses against him. 725 ILCS 205/5 (West 2018); *Craig*, 403 Ill. App. 3d at 766. Additionally, an applicant may circumvent the limit on the number of recovery applications he may file if he can establish that the new application "is accompanied by a statement from the treatment provider that the applicant has made exceptional progress and the application contains facts upon which a court could find that the condition of the

11

person had so changed that a hearing is warranted." 725 ILCS 205/9(d) (West 2018). Thus, in considering the *Mathews* factors, we conclude that due process does not entitle the respondent to the appointment of an independent evaluator at the State's expense.

¶ 30                                    B. Equal Protection

¶ 31    The respondent also asserts that the denial of his motion for an independent evaluator at the State's expense violated his right to equal protection as guaranteed by the fourteenth amendment to the United States Constitution (U.S. Const., amend. XIV). In response, the State argues that the respondent forfeited this claim by failing to raise it before the trial court. It is well settled that an appellant's failure to raise an issue in the trial court results in forfeiture of that issue on appeal. See *People v. Smith*, 2019 IL 123901, ¶ 14. Although the respondent disputes the State's contention, our review of the record reveals that he failed to include an equal protection claim in his motion for an independent evaluator at the State's expense, assert it orally during the motion hearing, or raise it in his motion to reconsider. Accordingly, we find that he has forfeited this claim. He has not requested that we review the claim for plain error; thus, we need not address the merits of this issue. See *People v. Hillier*, 237 Ill. 2d 539, 549-50 (2010).

¶ 32                                    III. CONCLUSION

¶ 33    Therefore, we affirm the judgment of the circuit court of Wayne County.

¶ 34    Affirmed.

**No. 5-21-0155**

| | |
|---|---|
| **Cite as:** | *People v. Abel*, 2022 IL App (5th) 210155 |
| **Decision Under Review:** | Appeal from the Circuit Court of Wayne County, No. 11-CF-92; the Hon. Michael J. Molt, Judge, presiding. |
| **Attorneys for Appellant:** | Heidi Hoffee, of Hoffee Law Firm, of Fairfield, for appellant. |
| **Attorneys for Appellee:** | Kwame Raoul, Attorney General, of Chicago (Jane Elinor Notz, Solicitor General, and Michael M. Glick, Mitchell J. Ness, and Erin M. O'Connell, Assistant Attorneys General, of counsel), for the People. |