2024 IL App (2d) 240450-U
No. 2-24-0450
Order filed November 8, 2024

**NOTICE:** This order was filed under Supreme Court Rule 23(b) and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of Kane County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 24-CF-1297 |
| KARMELO D. CHATMAN, | ) ) | Honorable David P. Kliment |
| Defendant-Appellant. | ) | Judge, Presiding. |

JUSTICE JORGENSEN delivered the judgment of the court.
Presiding Justice McLaren and Justice Birkett concurred in the judgment.

**ORDER**

¶ 1    *Held*:  The circuit court's denial of pretrial release did not constitute an abuse of discretion, where it considered appropriate evidence and reasonably determined that defendant committed a detainable offense and posed a threat to community safety. Affirmed.

¶ 2    Defendant, Karmelo D. Chatman, requests that we vacate the circuit court's order granting

the State's petition to deny him pretrial release pursuant to Public Act 101-652, § 10-255 (eff. Jan.

1, 2023), commonly known as the Pretrial Fairness Act (Act).[1] See Pub. Act 102-1104, § 70 (eff.

_____

[1]Public Act 101-652 (eff. Jan. 1, 2023), which amended article 110 of the Code of

Jan. 1, 2023) (amending various provisions of the Act); *Raoul*, 2023 IL 129248, ¶ 52 (lifting stay and setting effective date as September 18, 2023). Specifically, defendant contends that the State failed to meet its burden of proving that he committed a detainable offense and that he posed a threat to the community. For the following reasons, we affirm the circuit court's order of detention.

¶ 3                                              I. BACKGROUND

¶ 4        On June 19, 2024, defendant was charged with possessing a firearm while Firearm Owner's Identification ("FOID") Card invalid/ineligible (430 ILCS 65/2(a)(1) (West 2022)) and two counts of aggravated unlawful use of a weapon—no FOID/ineligible (AUUW) (720 ILCS 5/24-1.6(a)(1) (West 2022)). The charges stemmed from a traffic stop and consensual vehicle search, where defendant was a passenger.

¶ 5        That same day, the State petitioned to deny defendant pretrial release, alleging that he was charged with a detainable offense and his pretrial release posed a real and present threat to community safety. 725 ILCS 5/110-6.1(a)(1) (West 2022). The petition further noted that defendant was adjudicated delinquent for unlawful use of a weapon (UUW), in case No. 23-JD-1105, and on probation at the time of the present offense.

¶ 6        At a hearing on the State's petition, the police synopsis and several orders from case No. 23-JD-1105 were admitted into evidence. The police synopsis related that, on June 18, 2024, police initiated a traffic stop for a turn signal violation of a vehicle containing four passengers and the driver. Defendant was the rear-middle passenger and, when police approached the vehicle, he had

---

Criminal Procedure of 1963 (Code) (725 ILCS 5/110-6.1 (West 2022)), has been referred to as the "Pretrial Fairness Act" and the "Safety, Accountability, Fairness and Equity-Today (SAFE-T) Act"; however, neither title is official. *Rowe v. Raoul*, 2023 IL 129248, ¶ 4 n.1.

a black backpack with a padlock obscuring his waistline. Officers asked another passenger to lift the backpack and discovered that defendant was not wearing his seat belt. Police then received the driver's permission to search the car. During the search, police opened the black, padlocked backpack and discovered a stolen Sig Sauer P320 Compact 9mm handgun. Thereafter, while police took the vehicle occupants into custody, another passenger fled the scene on foot. Defendant was then Mirandized and interviewed. He stated that he was unaware of the backpack and the firearm in the backpack; however, he admitted that he had knowledge of the firearm and that his DNA would be on the firearm because he had moved the firearm in his apartment prior to meeting up with the vehicle occupants in his apartment lobby. A "LEADS" check of defendant revealed that he was 18 years old and did not possess a valid FOID card.

¶ 7 Additionally, the State asserted that defendant posed a threat to the community and the occupants of the vehicle, given that he possessed a stolen weapon that was loaded, defendant knew about the weapon, his DNA would be found on the weapon, he was on probation for UUW at the time of this offense, and he was youthful and in the car with four other young occupants, where the firearm could have gone off. Moreover, the State posited that there were no conditions short of detention that could be imposed on defendant, since defendant had already shown that he would not comply with court orders not to possess firearms. Specifically, electronic home monitoring (EHM) would not be sufficient in this case because it would not monitor defendant's access to firearms.

¶ 8 In response, defense counsel asserted that this stop was an instance of "driving while black," that is, a pretextual stop. Defendant also did not admit that his DNA would be on the firearm, only that it *may* be on the firearm. Counsel also argued that defendant was young, with a minor criminal history, and even this offense was non-violent. Defendant did not brandish the

firearm or threaten anyone and, thus, did not pose a future threat to anyone. Moreover, counsel asserted that the State's supposition that the firearm could have accidentally gone off was not borne out by the evidence, as firearms have safety mechanisms. Counsel asserted that conditions such as ordering defendant not to possess firearms, to attend his court dates, and to stay away from the other occupants of the vehicle would mitigate any safety risk to the community.

¶ 9    Based on the verified petition, proffered evidence, and the dangerousness factors listed in section 110-6.1(g), the circuit court ordered defendant's continued detention. The court noted that the proof was evident and presumption great that defendant committed a detainable offense. Despite defense counsel's argument regarding the nature of the stop, the court noted that it was not hearing a motion to suppress. The court also concluded that defendant posed a real and present threat to the safety of the community, because he was on probation at the time of the offense for another firearm offense and he was 18 years old at the time of the offense and not legally allowed to possess a firearm or obtain a FOID card. Finally, the court found that the threat that defendant posed to the community could not be mitigated by lesser restrictive conditions, as defendant was ordered not to possess any firearms or commit any new offenses, and defendant disregarded the court's orders. Further, EHM would not mitigate defendant's threat to the community, as it could not monitor whether defendant was in possession of a firearm, even in his own home, only his physical location.

¶ 10    On June 24, 2024, defendant filed a motion for relief (Ill. S. Ct. R. 604(h)(2) (eff. April 15, 2024)), requesting that he be released with conditions. He challenged the circuit court's finding that the proof was evident and presumption great that he committed a detainable offense, its dangerousness finding, and its determination that no conditions could mitigate the threat he posed to community safety. Specifically, defendant argued that the court was dismissive of his "driving

while black" argument. As to the dangerousness findings, defendant noted that he had no history of violence, he made no threats, he was cooperative with police, and he had strong ties to the community. Addressing the circuit court's determination that no conditions could mitigate the threat he posed, defendant asserted that the court failed to properly consider EHM, an order not to possess firearms, reporting to pretrial services, and the imposition of a curfew.

¶ 11    On August 2, 2024, the circuit court denied defendant's motion for relief, relying on the findings made at the original detention hearing. Thereafter, defendant timely appealed, using the form notice promulgated under Illinois Supreme Court Rule 606(d) (eff. Oct. 19, 2023). On September 23, 2024, defendant filed a memorandum in support of his appeal, and, on October 10, 2023, the State responded.

¶ 12                                              II. ANALYSIS

¶ 13    On appeal, defendant argues that the circuit court abused its discretion by finding that the State had proven by clear and convincing evidence that defendant committed a detainable offense and that he posed a threat to the community. He requests that we reverse his detention order and remand for his release and the imposition of conditions. We affirm.

¶ 14    The Act amended the Code by abolishing traditional monetary bail in favor of pretrial release on personal recognizance or with conditions of release. 725 ILCS 5/110-1.5, 110-2(a) (West 2022). Section 110-6.1(e) of the Code presumes that all persons charged with an offense are eligible for pretrial release. *Id.* § 110-6.1(e). However, a defendant's pretrial release may be denied if he or she commits a qualifying offense. *Id.* §§ 110-2(a), 110-6.1. Upon filing a timely verified petition requesting denial of pretrial release, the State has the burden to prove by clear and convincing evidence that: the proof is evident or the presumption great that the defendant has committed a detainable offense (*id.* § 110-6.1(e)(1)), the defendant's pretrial release poses a real

and present threat to the safety of any person or the community (*id.* §§ 110-6.1(a)(1)-(7), (e)(2)), and less restrictive conditions would not avoid the real and present threat to the safety of any person or the community (*id.* § 110-6.1(e)). "Evidence is clear and convincing if it leaves no reasonable doubt in the mind of the trier of fact as to the truth of the proposition in question." *Chaudhary v. Department of Human Services*, 2023 IL 127712, ¶ 74. Clear and convincing evidence is "more than a preponderance of the evidence and not quite approaching the beyond-a-reasonable-doubt standard necessary to convict a person of a criminal offense." *People v. Craig*, 403 Ill. App. 3d 762, 768 (2010).

¶ 15 If the circuit court finds that the State proved a real and present threat to the safety of any person or the community, the circuit court must determine which pretrial release conditions, "if any, will reasonably ensure the appearance of a defendant as required or the safety of any other person or the community and the likelihood of compliance by the defendant with all the conditions of pretrial release." *Id.* § 110-5(a). However, if the court determines that the defendant should be detained, the court must make written findings summarizing the reasons for detention, including why less restrictive conditions would not avoid a real and present threat to the safety of any person or the community based on the specific articulable facts of the case. *Id.* § 110-6.1(h)(1).

¶ 16 We review defendant's arguments under a bifurcated standard of review: the court's factual determinations are reviewed to determine whether they are against the manifest weight of the evidence, and the court's ultimate determination regarding denial of pretrial release is reviewed for an abuse of discretion. *People v. Trottier*, 2023 IL App (2d) 230317, ¶ 13. A decision is against the manifest weight of the evidence where the court's determination is unreasonable. *Id.* Likewise, an abuse of discretion occurs when the court's decision is unreasonable. *Id.* "[W]e consider not just whether the ultimate result is within the bounds of reason, but also whether the

trial court applied proper criteria to reach that result." *People v. Atterberry*, 2023 IL App (4th) 231028, ¶ 12 (citing *Paul v. Gerald Adelman & Associates, Ltd*., 223 Ill. 2d 85, 99 (2006)).

¶ 17   First, defendant challenges the court's finding that the State proved by clear and convincing evidence that the proof was evident and the presumption great that defendant committed a detainable offense, where the court dismissed defendant's argument that the stop was pretextual. Defendant does not challenge that he was ineligible for a FOID card, as he was not 21 years old.

¶ 18   Section 110-6.1(f)(6) of the Code addresses evidence that may be subject to suppression at a detention hearing. 725 ILCS 5/110-6.1(f)(6) (West 2022). Section 110-6.1(f)(6) provides, "The defendant may not move to suppress evidence or a confession, however, evidence that proof of the charged crime may have been the result of an unlawful search or seizure, or both, or through improper interrogation, is relevant in assessing the weight of the evidence against the defendant." *Id.* Thus, the defendant may not seek to suppress evidence or a confession at the hearing but may argue that the evidence was obtained unlawfully, and the court should thus assess less weight to the evidence obtained as a result of the potentially illegal stop.

¶ 19   The circuit court's finding that the State proved by clear and convincing evidence that defendant committed a detainable offense was not unreasonable. Here, defense counsel noted,

> "there are cases coming out of Cook County dealing with issues of driving while black that may be in effect here as well as there appear *(sic)* to be no other traffic violations, nobody that the Officers recognized or another *(sic)* crimes that were committed other than not signaling quite in time."

In response to this argument, the circuit court only stated that "we're not doing a Motion to Suppress." Here, the circuit court correctly noted that, by statute, it could not conduct a suppression hearing at this stage of the proceedings. The record does not support defendant's supposition that

the court incorrectly believed that "it could not consider the nature of the pretextual stop when it stated that the detention hearing was not a motion to suppress." The circuit court, which is presumed to know the law, did not use that phrase in its written order or its oral recitation of its decision. *In re N.B.*, 191 Ill. 2d 338, 345 (2000) ("The circuit court is presumed to know the law and apply it properly, absent an affirmative showing to the contrary in the record."); *People v. Howery*, 178 Ill. 2d 1, 32 (1997) ("the trial court is presumed to know the law and apply it properly"; only "when the record contains strong affirmative evidence to the contrary" is "that presumption *** rebutted"). Moreover, defendant's motion for relief lends further support for the court's decision to remind defense counsel that a motion to suppress will not be heard during detention proceedings. Specifically, counsel argued that the circuit court should have "found the traffic stop unacceptable." This plainly contravenes section 110-6.1(f)(6). Accordingly, absent strong affirmative evidence that the court did not believe it could exercise discretion, we find that the court knew and understood the law and simply did not find defendant's argument regarding the pretextual stop more compelling than the available evidence that showed that defendant had a padlocked backpack on his lap; the backpack contained a loaded firearm; and defendant's statement to police indicating that his DNA would be on the firearm. This was not unreasonable.

¶ 20    Moreover, the proffer and the police synopsis presented sufficient facts to show that defendant committed a detainable offense. Defendant argues that the evidence showing he possessed the handgun recovered from the vehicle was weak. Specifically, he contends that evidence of possession was closely balanced, not clear and convincing, as there were differing accounts regarding whether defendant knew about the firearm in the backpack. We find that it was not unreasonable for the court to conclude that defendant committed a detainable offense.

¶ 21 To be detained for AUUW, the State must show by clear and convincing evidence that the proof was evident and presumption great that defendant knowingly "[c]arrie[d] on or about his or her person or in any vehicle or concealed on or about his or her person *** any pistol, revolver, stun gun or taser or other firearm" and he did not possess a currently valid FOID Card or was ineligible to obtain one because he was under 21 years of age. 720 ILCS 5/24-1.6(a)(1), (a)(3)C), (a)(3)(I) (West 2022). To show actual possession of contraband, the State must show that the contraband was "in the immediate and exclusive control of [the] defendant." *People v. Frieberg*, 147 Ill. 2d 326, 360 (1992) (stating the rule for actual possession of a controlled substance). Meaning, the State was required to establish that defendant knowingly was in the immediate and exclusive control of a firearm in a vehicle without a FOID card or while he was ineligible to obtain a FOID card.

¶ 22 Upon review, we conclude that it was reasonable for the court to determine that defendant was in immediate and exclusive control of the discovered firearm. Here, the police synopsis stated that defendant had a black, padlocked backpack on his lap when the traffic stop was initiated. It is not unreasonable for the court to consider a padlocked backpack as unusual and that it would suggest that defendant knew its contents were contraband and would want to keep the contents secret. Further, defendant admitted knowledge of the firearm, that his DNA would be on the firearm, and to being the occupant in "close proximity" to the firearm *before* meeting up with anyone. He also indicated that the vehicle occupants did not meet him in his apartment; rather, he met them in the lobby of his building. Accordingly, defendant was the only vehicle occupant in close proximity to the firearm before it migrated into the vehicle. Moreover, defendant's conflicting arguments that he "was unaware of the backpack," which was discovered on his lap, "or the firearm inside the backpack," which he was admittedly in close proximity to, and touched,

before meeting the other vehicle occupants, are not well-taken. Additionally, the fact that a vehicle occupant fled from police and another vehicle occupant touched the backpack at the police's direction, do not undercut the foregoing facts. As such, it was not unreasonable for the court to conclude that defendant knowingly was in the immediate and exclusive control of a firearm in a vehicle without a FOID card or while he was ineligible to obtain a FOID card.

¶ 23    Finally, defendant argues that the circuit court erred in its conclusion that he posed a threat to the community because his risk assessment scored him as "low" to reoffend or fail-to-appear, he had no adult or violent criminal history, he was about to start his final year of high school, and he had demonstrated familial support. Nonetheless, we conclude the circuit court's dangerousness finding was not an abuse of discretion. When making a dangerousness finding, the Code, as amended, sets forth several non-exhaustive factors that a court may consider, including: the nature of the offense, whether defendant is known to possess or have access to a weapon, whether he was on probation at the time of the current offense, and "any other factors." 725 ILCS 5/110-6.1(g) (West 2022). In granting the State's petition to detain, the court stressed that defendant was on probation for UUW at the time he committed this offense, and, in both cases, when he was under 21 years old and, thus, not legally allowed to have a firearm or FOID card. The court emphasized that, at 18 years old, the legislature and society "d[id] not believe that that's a person who should be possessing a firearm," as defendant is not "mature enough." His actions here "demonstrate his immaturity and inability to comply with the law." The court concluded that defendant contravened the law and his probation by committing this offense, which made him a danger to the community. Based on this evidence, the circuit court's dangerousness finding was reasonable.

¶ 24    In summary, the circuit court did not abuse its discretion in granting the State's petition to deny defendant pretrial release.

¶ 25                    III. CONCLUSION

¶ 26    For the reasons stated, we affirm the judgment of the circuit court of Kane County.

¶ 27    Affirmed.