2024 IL App (2d) 240057-U
No. 2-24-0057
Order filed April 5, 2024

**NOTICE:** This order was filed under Supreme Court Rule 23(b) and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of Kane County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 23-CF-0193 |
| LARRY MCGEE, IV, | ) ) ) | Honorable Salvatore LoPiccolo, Jr., |
| Defendant-Appellant. | ) | Judge, Presiding. |

JUSTICE JORGENSEN delivered the judgment of the court.
Presiding Justice McLaren and Justice Mullen concurred in the judgment.

**ORDER**

¶ 1    *Held*: Trial court's order detaining defendant lacks adequate findings regarding dangerousness. Further, the court erred in determining that the State met its burden to establish that less-restrictive conditions could not mitigate the alleged real and present threat defendant possessed. Affirmed in part, reversed in part, and remanded.

¶ 2    In this interlocutory appeal under Illinois Supreme Court Rule 604(h) (eff. Oct. 19, 2023), defendant, Larry McGee, IV, timely appeals the order of the circuit court of Kane County granting the State's petition to detain him pursuant to Public Acts 101-652, § 10-255 (eff. Jan. 1, 2023),

commonly known as the Pretrial Fairness Act (Act).[1]  See also Pub. Act 102-1104, § 70 (eff. Jan. 1, 2023) (amending various provisions of the Act); *Rowe v. Raoul*, 2023 IL 129248, ¶ 52 (lifting stay and setting effective date as September 18, 2023).   For the following reasons, we affirm in part, reverse in part, and remand the case.

¶ 3                                    I. BACKGROUND

¶ 4      According to the report of proceedings, on May 5, 2023, a grand jury returned an indictment charging defendant with nine counts of predatory criminal sexual assault of a victim under 13 years of age (720 ILCS 5/11-1.40(a)(1) (West 2022)) (Class X) and three counts of attempt child pornography (*id.* § 11-20.1(a)(1)) (Class 1).[2]   The offenses were alleged to have been committed between January 1, 2017, and December 31, 2020, at victim C.S.'s mother's house in Elgin.

¶ 5      On January 9, 2024, the State filed a verified petition to deny pretrial release, alleging that defendant was charged with detainable offenses and his release posed a real and present threat to the safety of C.S. and the community.   The State attached to the petition a police synopsis reflecting that, on November 9, 2022, C.S.'s father filed a police report stating defendant had sexually assaulted C.S. while she was in his care at her mother's house.   C.S. was between ages 8 and 11 when the alleged assaults occurred, some of which she alleged defendant had recorded

_____

[1]The Act is also commonly known as the Safety, Accountability, Fairness and Equity-Today (SAFE-T) Act.   Neither name is official, as neither appears in the Illinois Compiled Statutes or public acts.

[2]The indictment is not contained in the record on appeal, although a January 26, 2023, arrest warrant is included.

using his cell phone. C.S. was age 14 when the police synopsis was prepared. On November 17, 2022, C.S. was interviewed at the Kane County Child Advocacy Center (CAC), at which time she related that defendant had touched her beneath her underwear, put her hand on top of his private parts over his clothes, and had penetrated her vagina and anus both digitally and with his penis.

¶ 6 The public safety assessment report scored defendant as a one on both the new-criminal-activity and failure-to-appear scales. Defendant has no prior convictions.

¶ 7 On January 9, 2024, the court held a hearing on the State's motion. The State entered into evidence the police synopsis and CAC report, arguing that those documents proved by clear and convincing evidence that the proof was evident and presumption great that defendant committed the alleged offenses. The State acknowledged that defendant has no criminal history, as well as that at least two years had passed since the last reported incident. However, it argued that he was a real and present threat to C.S. and anyone in the community because he was accused of sexually assaulting a minor between ages 8 and 11 and taking advantage of her while he was living in her mother's household. "The fact that he also had easy access to her none the less does pose a threat not just to her but to all of the other minor children[.]" The State did not believe that release conditions could mitigate the real and present threat to the safety of C.S., her family, or the general public.

¶ 8 Defense counsel noted that, since 2020, defendant has been living in Cook County (specifically, Roselle) with his sister. No minors live in that residence. Counsel further noted that defendant has no criminal history and, outside of this case, there was no evidence presented that he has ever been investigated or accused of inappropriate conduct. Moreover, the State presented no evidence that defendant had any contact with C.S. or her family after he moved in 2020. As such, counsel argued that defendant does not pose a threat to C.S., as he has had no

contact with her or her family since 2020 and no longer lives near her. Further, counsel argued, defendant is no risk to anyone else because he has no criminal history and no children live in his current residence. Finally, counsel noted that defendant is unable to work due to his severe health problems, including chronic kidney and heart failure, and he sees a doctor and receives dialysis four times weekly. As his poor health prevents him from doing many things in life, it can also presumably mitigate against any risk he might pose to another individual. Finally, counsel argued, conditions of release, such as no-contact orders and placing him on supervision or terms with court services that require him to check in with them, could mitigate any perceived risk. "There is no indication from his previous behavior that he would violate any of those conditions."

¶ 9 The court granted the State's petition, finding it met its burden of proof that defendant committed detainable offenses and was a threat to C.S. and other minors in the community. As to dangerousness, the court explained,

"This Court also finds that the State has proven by clear and convincing evidence that the proof is evident and presumption great that the defendant poses a real and present threat to the safety still of the minor C.S. She is 14 years old currently. And that he would also pose a real and present threat to any minor that would be under the age of 17 or any minor under the age of 18 that would be in the community at this stage and I base that on *the facts that were alleged by C.S.* in her statements to the police." (Emphasis added.)

In its written findings, the court noted that C.S. could not, at age 14, protect herself from defendant, and that *the acts she described and for which he has been charged* are forcible felonies. It noted that C.S. and other minors in the community need to be protected from the alleged conduct. "Based *on the conduct of the defendant on C.S.*, the defendant poses a real and present threat to C.S. and all minors under the age of 18 years of age." (Emphasis added.)

¶ 10       Further, the court found that no conditions of release could mitigate the risk.     It acknowledged that defendant has serious health problems, does not live with minors, has no criminal history, and presently lives in Cook County.     However, the fact that defendant lives in Cook County, the court found, "takes away one of the options that I would have of placing him on EHM or GPS because the sheriff's program for EHM [electronic home monitoring] and GPS is not available to people who live in Cook County."     The court continued,

> "So based on the fact that I do not have [EHM] or GPS available to me at this time, I am going to make a finding that there is clear and convincing evidence that the proof is evident and presumption is great that at this time there are no conditions or combination of conditions of pretrial release that can mitigate the real and present threat posed by the defendant to the minor C.S. and that there are no less restrictive conditions that would avoid the real and present threat posed by the defendant at this time."

In its written findings, the court noted that no less-restrictive conditions could protect C.S. and minors in the community because defendant lives in Cook County and, therefore, EHM and GPS are not available from Kane County.     Further, conditions of no contact with C.S. or other minors under age 18 will not by themselves assure the safety of C.S. or any minor.     Finally, the court ordered that defendant have no contact with C.S. or her parents.

¶ 11     On January 16, 2024, defendant filed a notice of appeal, using the form notice promulgated under Illinois Supreme Court Rule 606(d) (eff. Oct. 19, 2023).     On March 6, 2024, defendant filed a Rule 604(h) memorandum.     Ill. S. Ct. R. 604(h)(2) (eff. Dec. 7, 2023).     On March 25, 2024, the State submitted its memorandum opposing defendant's appeal.

¶ 12                                         II. ANALYSIS

¶ 13    In his memorandum, defendant argues first that the State failed to meet its burden to establish that his pretrial release would pose a real and present threat to the safety of any person or persons or the community.    725 ILCS 5/110-6.1(a)(1)-(7), (e)(2) (West 2022).    Second, defendant argues that the State failed to meet its burden to establish by clear and convincing evidence that no condition or combination of conditions can mitigate the real and present threat to the safety of any person or persons, based on the specific, articulable facts of the case.    *Id.* § 110-6.1(e)(3).

¶ 14    Pretrial release is governed by article 110 of the Code, as amended by the Act.    725 ILCS 5/110 (West 2022).    Under the Code, as amended, all persons charged with an offense are eligible for pretrial release, and a defendant's pretrial release may only be denied in certain statutorily limited situations.    *Id.* §§ 110-2(a), 110-6.1(e).    As relevant here, upon filing a verified petition requesting denial of pretrial release, the State has the burden to prove by clear and convincing evidence that the proof is evident or the presumption great that the defendant has committed a detainable offense (*id.* § 110-6.1(e)(1)), that the defendant's pretrial release poses a real and present threat to the safety of any person or the community (*id.* §§ 110-6.1(a)(1)-(7), (e)(2)), and that no condition or combination of conditions can mitigate the real and present threat to the safety of any person or the community (*id.* § 110-6.1(e)(3)). "Evidence is clear and convincing if it leaves no reasonable doubt in the mind of the trier of fact as to the truth of the proposition in question." *Chaudhary v. Department of Human Services*, 2023 IL 127712, ¶ 74.    Clear and convincing evidence is "more than a preponderance of the evidence and not quite approaching the beyond-a-reasonable-doubt standard necessary to convict a person of a criminal offense." *People v. Craig*, 403 Ill. App. 3d 762, 768 (2010).

¶ 15   We review defendant's arguments under a bifurcated standard of review: the court's factual determinations are reviewed to determine whether they are against the manifest weight of the evidence, and the court's ultimate determination regarding denial of pretrial release is reviewed for an abuse of discretion.   *People v. Trottier*, 2023 IL App (2d) 230317, ¶ 13.   An abuse of discretion occurs when the court's decision is unreasonable.   *Id.*   Likewise, a decision is against the manifest weight of the evidence where the court's determination is unreasonable.   *People v. Deleon*, 227 Ill. 2d 322, 332 (2008).

¶ 16   We address first defendant's argument the court erred in finding that the State met its burden of establishing that he is a real and present threat to the safety of any person or the community.   He notes that, under the Code, as amended, it is presumed that a defendant is entitled to release, and the State must rebut that presumption with more than just the allegations that form the basis of the charges, for he also remains presumed innocent of those charges.   "Indeed, the legislature plainly did not believe that the mere accusation of a detainable offense meant that a defendant posed a real and present danger that could not be mitigated."   Here, he contends, in arguing that he posed a threat to C.S. and all minors in Illinois, the State simply relied on the facts supporting the charges.   Defendant suggests that the reason the State did not present more is because the record does not demonstrate that he poses a threat to anyone.   Rather, he (1) has no criminal history; (2) has had no contact with C.S. since 2020; (3) does not live in Elgin, and, rather, lives with his sister and no minors in Roselle; (4) has never been accused of any other inappropriate contact with a minor; and (5) the public safety assessment report scored him as the lowest level of risk on both the failure-to-appear and new-criminal-activity scales.   Finally, defendant notes his severe health problems requiring dialysis treatments four times per week undermines the State's contention that he poses a present threat to anyone.   Defendant concludes that the court's

determination that he poses a real and present threat to anyone's safety is against the manifest weight of the evidence.

¶ 17    Defendant is correct that the inherent danger presented by the charges themselves is insufficient to rebut the presumption of pretrial release.   Indeed, in enacting the Act, "[o]ur legislature has mandated that *all criminal defendants* are eligible for pretrial release."   (Emphasis added.)   *People v. Stock*, 2023 IL App (1st) 231753, ¶ 18 (citing 725 ILCS 5/110-6.1(e) (West 2022)).   Even those charged with violent offenses are presumed eligible for release and, if "the base allegations that make up the *sine qua non* of a violent offense were sufficient on their own to establish this element, then the legislature would have simply deemed those accused of violent offense ineligible for release."   *Id*. ¶ 18.   Here, the State asserts that the court did not base its dangerousness determination solely on the fact of the underlying offense, it thoroughly explained its reasons for finding defendant a threat, and it specifically rejected defense counsel's arguments regarding defendant's health and residency.   We disagree.   The court repeatedly referenced C.S.'s allegations, for which defendant was charged, as the basis for its dangerousness finding. And while the allegations against defendant are very serious, the court did not explain how, outside of the allegations that formed the basis of the charges, defendant is a *real and present* threat to the safety of C.S. or other minors, nor, critically, did it *explain* how that risk of dangerousness is not offset by the record evidence, which the State did not dispute, concerning his lack of criminal history, low ratings on the public assessment report, current living arrangement (both in terms of locale and without access to minors), and that he has had no contact with C.S. in four years.[3]

---

[3]The State cites *People v. Johnson*, 2023 IL App (5th) 230714, ¶ 21, for the proposition that it need not "prove" defendant will commit a future violent act to establish dangerousness.

Accordingly, at this juncture, the findings made by the trial court with respect to whether defendant poses a "real and present threat" are insufficiently particularized for proper review, and we remand for a new detention hearing and, if necessary, specific findings regarding dangerousness.

¶ 18    Next, in the interest of efficiency, we also address defendant's argument that the court erred in finding that the State satisfied its burden to show that no conditions short of detention could mitigate defendant's perceived risk to C.S. or minors in the community.   Indeed, if the court on remand again finds that the State has presented sufficient evidence establishing a real and present threat, the State must then also provide *evidence* to meet its burden to show that there is no condition or combination of conditions to mitigate that perceived danger. The Code, as amended, instructs that, in determining whether a specific threat could be mitigated through the imposition of conditions of pretrial release, the trial court is to consider various factors, including, (1) the nature and circumstances of the offense charged, (2) the weight of the evidence against the defendant, (3) the history and characteristics of the defendant, (4) the nature and seriousness of the real and present threat to the safety of any person or the community that would be posed by the defendant's release, and (5) the nature and seriousness of the risk of obstructing or attempting to

_____

We agree, generally, but would note that, defendant does not raise such an argument here and, further, court in *Johnson* affirmed the dangerousness finding where the trial court had "made written findings that included its consideration of the defendant's six prior prison sentences. Three were for violent felonies, and one was for being a felon in possession of a firearm. The circuit court made further written findings about the danger that the defendant's actions posed to the community." *Id.*   In contrast, here, defendant has no criminal history and the court's basis for finding a real and present threat is unclear.

obstruct the criminal justice process. 725 ILCS 5/110-5(a)(1)-(5) (West 2022). The history and characteristics of the defendant include his or her "character, *physical* and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past relating to drug or alcohol abuse, conduct, \*\*\* *criminal history*, and record concerning appearance at court proceedings." (Emphasis added.) *Id*. § 110-5(a)(3)(A)-(B).

¶ 19   Here, the State did not make *any* argument concerning possible conditions of release; rather, it broadly asserted that, given the nature of the charges, there are no conditions that could mitigate the risk. Again, this is insufficient. *Stock*, 2023 IL App (1st) 231753, ¶ 18 ("bare allegations that defendant has committed a violent offense are not sufficient to establish" he presents a risk that cannot be mitigated). Defense counsel, in contrast, suggested specific conditions, including no-contact orders, supervision, and requirements that defendant maintain contact with pretrial services to ensure he follows the court's orders. However, in finding that defendant must be detained, the court did not explain why, given the evidence concerning defendant's health, current living situation, lack of criminal history, and the presumption that defendants are eligible for release with conditions, none of defendant's proffered conditions would suffice. For example, the court did not find, nor does the record presently reflect, that there is evidence that defendant would not likely comply with less-restrictive conditions. Further, the court's findings suggest that it would consider EHM and GPS (again, a condition raised by the court *sua sponte*, as the State did not raise it or explain why that condition would not mitigate defendant's alleged risk), but that type of monitoring is unavailable, due to defendant's residency in Cook County. However, the court's finding that EHM and GPS are unavailable was not based on any evidence presented by the State. Moreover, if the court was taking judicial notice of court resources, it did not so articulate. Indeed, if there exists evidence that there is a mechanism by

which the court or pretrial services can, in fact, monitor defendant's movements, that evidence would seemingly be particularly relevant under these facts. As such, the court's finding that the State met its burden to establish that no condition or combinations of conditions could mitigate the possible threat was not supported by the evidence.

¶ 20 We reverse and remand for a new hearing on the petition for denial of release. If the court again finds that the State has presented clear and convincing evidence (*i.e.*, leaving no reasonable doubt in the court's mind (*Chaudhary*, 2023 IL 127712, ¶ 74)) of both dangerousness and that no condition or combination of conditions can mitigate that risk, more particularized findings on both factors are required.

¶ 21                                III. CONCLUSION

¶ 22 For the foregoing reasons, the judgment of the circuit court of Kane County is affirmed in part, reversed in part, and remanded for a hearing.

¶ 23 Affirmed in part, reversed in part; cause remanded.