2025 IL App (2d) 240562
No. 2-24-0562
Opinion filed March 17, 2025

_____

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of Kane County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 24-CM-1363 |
| WILLIAM J. TABER, | ) ) ) | Honorable Bianca Camargo, |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

JUSTICE HUTCHINSON delivered the judgment of the court, with opinion.
Justices McLaren and Birkett concurred in the judgment and opinion.

**OPINION**

¶ 1 Defendant, William J. Taber, appeals from the revocation of his pretrial release under section 110-6(a) of the Code of Criminal Procedure of 1963 (Code) (725 ILCS 5/110-6(a) (West 2022)). The basis for defendant's revocation was that, while he was on pretrial release for a Class A misdemeanor, he was charged with committing two additional felonies and two additional Class A misdemeanors. For the following reasons, we affirm.

¶ 2 I. BACKGROUND

¶ 3 On August 12, 2024, defendant was charged by complaint with criminal trespass to state land (720 ILCS 5/21-5(a) (West 2022)) (case No. 24-CM-1363), a Class A misdemeanor. Defendant entered the lobby of the Geneva Police Department to make obscene statements, and

he hand delivered an obscene note to the on-duty records specialist. He was granted pretrial release with conditions that he refrain from committing further criminal offenses and that he stay away from the Geneva Police Department, except for police or medical emergencies.

¶ 4    On August 26, 2024, defendant was arrested and charged (case No. 24-CF-1875) with (1) aggravated assault of a peace officer (*id.* § 12-2(b)(4.1)), a Class 4 felony; (2) resisting or obstructing a police officer causing injury (*id.* § 31-1(a-7)), a Class 4 felony; (3) resisting a police officer (*id.* § 31-1(a)(1)), a Class A misdemeanor; and (4) criminal trespass to state land (*id.* § 21-5(a)), a Class A misdemeanor.

¶ 5    On August 27, 2024, the State filed a verified petition to revoke defendant's pretrial release on case No. 24-CM-1363 pursuant to section 110-6(a) of the Code (725 ILCS 5/110-6(a) (West 2022)). At the hearing, the State asked the trial court to take judicial notice that defendant was also (1) on pretrial release for criminal trespass to land (case No. 24-CM-1374), (2) on conditional discharge for violation of a stalking/no contact order (case No. 24-CM-1167), and (3) on supervision for electronic harassment (case No. 24-CM-1023).

¶ 6    The State proffered a police synopsis from the Geneva Police Department in case No. 24-CF-1875. The synopsis related that officers responded to a call from Geneva Fire Station 1 in reference to defendant causing a disturbance. Defendant was yelling that he needed water, even though he is not allowed in City of Geneva public buildings unless in need of emergency services. After speaking with the responding officers, defendant stated that he wanted to go to the hospital. Geneva police followed the ambulance, as defendant had shown a history of agitated and unpredictable behavior. While en route to the hospital, the ambulance stopped at an intersection. The medics exited the ambulance and advised the police that defendant wished to exit the vehicle. Defendant walked to a nearby plaza and sat down on a bench. When officers approached, they

advised defendant that he was under arrest for trespassing at the fire station. Defendant resisted arrest, clenched his hands into fists, and straightened his arms to prevent being taken into custody. Officer Sarah Sullivan sustained an injury to her right elbow during the struggle after being pushed into a brick wall. Officer Daniel Yates arrived on scene to assist, and defendant stepped forward and yelled at him with clenched fists, "I'm going to kick your ass bitch." Defendant was taken into custody without further incident. The synopsis noted that this incident was the fifth contact officers had with defendant in a two-hour span on the morning of August 26, 2024.

¶ 7 Defendant argued that he was at the fire station because he had an actual injury that needed attention but feared for his safety when police arrived. When he saw police following the ambulance, he decided to exit the ambulance and tend to his injury without help from emergency services. Defendant did not have a valid address at the time of the incident but claimed he would sometime in September. However, defendant could not give an address or definite date on which he would procure a valid address.

¶ 8 The trial court questioned defendant as to his ability to gain stable housing. In response, defendant became agitated and began to display disrespectful conduct and language toward the trial court judge and the assistant state's attorney. He told the trial court that he did not care what it said and that the proceedings did not matter. Ultimately, the trial court revoked defendant's pretrial release in case No. 24-CM-1363, finding that pretrial detention constituted the least restrictive means to prevent the commission of further offenses and ensure defendant's compliance with court orders. The trial court stated that its findings were based, in part, on defendant's criminal history and current homeless status. The trial court further noted that defendant's conduct posed a concern to public safety by diverting the attention and resources of the City of Geneva away from other residents actually in need of services.

¶ 9    On September 20, 2024, defendant filed a motion for relief pursuant to Illinois Supreme Court Rule 604(h)(2) (eff. Apr. 15, 2024). He argued that the State failed to prove by clear and convincing evidence that no condition or combination of conditions would reasonably ensure the appearance of defendant at subsequent court dates or prevent him from being charged with subsequent felonies or class A misdemeanors. The trial court denied defendant's motion for relief. This appeal followed.

¶ 10    Defendant filed a notice of appeal on September 20, 2024. Under Illinois Supreme Court Rule 604(h)(8), our disposition was to be filed 100 days from that date, or December 30, 2024. Ill. S. Ct. R. 604(h)(8) (eff. Apr. 15, 2024). However, as three extensions of time were granted in this matter and the State's memorandum was not filed until January 17, 2025, this court has good cause in filing our disposition beyond the 100 days after the filing of the notice of appeal.

¶ 11                                    II. ANALYSIS

¶ 12    The State Appellate Defender declined to file a memorandum, and thus defendant's motion for relief before the trial court serves as his argument on appeal. See Ill. S. Ct. R. 604(h)(7) (eff. Apr. 15, 2024). In his motion for relief, defendant argues that the State failed to prove that no condition or combination of conditions would reasonably ensure defendant's appearance at future hearings or prevent him from being charged with a subsequent felony or a Class A misdemeanor. 725 ILCS 5/110-6(a) (West 2022).

¶ 13    Section 110-6 of the Code provides that, when a defendant has previously been granted pretrial release for a felony or a Class A misdemeanor, the release may be revoked following a hearing on the court's own motion or the State's verified petition only if the defendant is charged with a felony or a Class A misdemeanor alleged to have occurred during the defendant's pretrial release. *Id.* Defendant was charged in this case with a Class A misdemeanor, and, while on pretrial

release, he was charged with two additional felonies and two more Class A misdemeanors. Thus, his revocation is governed by section 110-6(a). Section 110-6(a) further provides that, on a petition to revoke pretrial release, "[t]he State shall bear the burden of proving, by clear and convincing evidence, that no condition or combination of conditions of release would *** prevent the defendant from being charged with a subsequent felony or Class A misdemeanor." *Id.*

¶ 14 Under the recent Supreme Court decision in *People v. Morgan*, 2025 IL 130626, "when the parties to a pretrial detention hearing proceed solely by proffer, the reviewing court is not bound by the circuit court's factual findings and may therefore conduct its own independent *de novo* review of the proffered evidence and evidence otherwise documentary in nature." *Id.* ¶ 54. While *Morgan* involved an initial petition for detention pursuant to section 110-6.1, not a revocation determination pursuant to section 110-6(a), its reasoning applies to hearings on revocation where the parties proceed solely by proffer, so we will review the trial court's findings *de novo*.

¶ 15 The trial court reasonably concluded that no condition or combination of conditions would prevent defendant from being charged with a subsequent felony or Class A misdemeanor. Defendant was charged with two new felonies and two new Class A misdemeanors just two weeks after being placed on pretrial release with conditions. Defendant was aware that he was to stay away from City of Geneva public buildings due to his repeated harassment of city employees. He chose to go to the fire station anyway. At the time of his most recent arrest, he was already on pretrial release for criminal trespass to land, on conditional discharge for violation of a stalking/no contact order, and on supervision for electronic harassment. These facts demonstrate defendant's disregard of court-imposed conditions. Moreover, defendant was unable to control himself even at the revocation hearing, using disparaging language directed at the trial court judge and the assistant

state's attorney. Although his behavior seems likely owing to mental health issues, he has demonstrated that he would ignore court-imposed conditions and be charged with subsequent felonies or Class A misdemeanors, which is the salient consideration in the revocation order. *People v. Hammerand*, 2024 IL App (2d) 240500, ¶ 20.

¶ 16 For these reasons, given defendant's current lack of a valid address, the lack of evidence that he can soon obtain one, and his criminal history and likelihood of committing additional felonies or misdemeanors, the trial court's determination is supported by the proffered evidence.

¶ 17 As such, its decision to grant the State's petition to revoke defendant's pretrial release was not made in error.

¶ 18                                     III. CONCLUSION

¶ 19 We affirm the judgment of the circuit court of Kane County revoking defendant's pretrial release.

¶ 20 Affirmed.

*People v. Taber*, **2025 IL App (2d) 240562**

| | |
|---|---|
| **Decision Under Review:** | Appeal from the Circuit Court of Kane County, No. 24-CM-1363; the Hon. Bianca Camargo, Judge, presiding. |
| **Attorneys for Appellant:** | James E. Chadd, Carolyn R. Klarquist, and Cristina Law Merriman, of State Appellate Defender's Office, of Chicago, for appellant. |
| **Attorneys for Appellee:** | Patrick Delfino and David J. Robinson, of State's Attorneys Appellate Prosecutor's Office, of Springfield, for the People. |