2025 IL App (2d) 250002-U
No. 2-25-0002
Order filed March 24, 2025

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of Kane County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 24-CF-1259 |
| DAVID I. VEGA, | ) ) ) | Honorable Donald M. Tegeler, Jr., |
| Defendant-Appellant. | ) | Judge, Presiding. |

JUSTICE BIRKETT delivered the judgment of the court.
Presiding Justice Kennedy and Justice Schostok concurred in the judgment.

**ORDER**

¶ 1    *Held*: The trial court properly revoked defendant's pretrial release where he was charged with a felony while on pretrial release in this case, and the State proved, by clear and convincing evidence, that no conditions existed that would prevent him from incurring subsequent felony or class A misdemeanor charges.

¶ 2    Defendant, David I. Vega, appeals the revocation of his pretrial release under section 110-6(a) of the Code of Criminal Procedure of 1963 (Code) (725 ILCS 5/110-6(a) (West 2022)). We affirm.

¶ 3                          I. BACKGROUND

¶ 4    On June 16, 2024, defendant was charged with one count of unlawful possession of alprazolam (720 ILCS 570/402(c) (West 2022)), a class 4 felony. On the same date, defendant

was granted pretrial release with conditions. Defendant received the statutory maximum conditions, and he was also required to obey all court orders and not to commit any criminal offenses. Defendant was further prohibited from possessing a firearm and using intoxicating or non-prescription controlled substances, excluding alcohol.

¶ 5        In August 2024, defendant missed a status hearing, and the trial court issued a warrant for his arrest based on a violation of the conditions of his pretrial release. Defendant promptly filed a motion to quash the warrant for his arrest, asserting that he had no means of transportation to the court and also that he could not get his phone to work to inform either the court or his attorney at the time of the hearing. On September 4, 2024, the trial court quashed the warrant without objection from the State, and defendant remained on pretrial release.

¶ 6        On December 3, 2024, defendant was charged with receiving, possessing, or selling a stolen motor vehicle (see 625 ILCS 5/4-103 (West 2022)), a class 2 felony, in case No. 24-CF-2618. On December 10, 2024, the State filed a petition to revoke defendant's pretrial release, alleging that he was charged with a felony while on pretrial release and that no conditions of release would reasonably ensure defendant's appearance at future hearings or prevent defendant from being charged with new felony or Class A misdemeanor offenses.

¶ 7        On December 18, 2024, the trial court held a brief hearing on the State's petition to revoke. The State presented a proffer including the police synopsis of the charges in case No. 24-CF-2618.[1] The State argued that defendant possessed a "serious" juvenile criminal history which included 2023 juvenile adjudications of aggravated battery and receiving, possessing, or selling a stolen motor vehicle for which he received probation. The State argued that defendant did not comply

_____

[1]This document was not included in the record, but the record shows that the court reviewed the synopsis describing the offense alleged in case No. 24-CF-2618.

with court orders or conditions of probation, noting that defendant was charged in this case while he was on probation for the juvenile cases as well as on pretrial release in this case and the other pending offenses. The State further emphasized that defendant was charged in case No. 24-CF-2618 while he was on pretrial release in this case.

¶ 8    Defendant made an oral proffer that he had reviewed a copy of a police synopsis about a codefendant's case relating to the stolen motor vehicle charge and noted that the keys were in the ignition and the car unlocked. Defendant further noted that it was uncertain whether defendant was driving the car although he possessed the car keys. Defendant requested that he be placed on electronic home monitoring as he had not yet been subjected to that condition. Otherwise, defendant worked as a full-time mechanic for his uncle, and, therefore, he was gainfully employed and contributed financially to his family. Defendant's charges were generally nonviolent, thus, he was not a danger to any specific individuals or the public generally. Defendant had completed services required as part of his juvenile probation, was currently monitored by juvenile probation, and had consistently participated in drug testing for which his results were negative. Defendant finally requested that electronic home monitoring or other constraints on his movements would "alleviate the concerns" regarding the types of charges in the pending criminal cases: stolen motor vehicle and controlled substance charges.

¶ 9    The State argued in rebuttal that defendant's license had been revoked, yet he was still driving, and this represented a danger to the community. Moreover, defendant continued to associate with codefendants in this case, and all of them together had taken part in the offenses for which defendant had received juvenile adjudications. Finally, the State emphasized that, even though defendant was on pretrial release and on probation, he continued to commit offenses and receive criminal charges. For these reasons, the State concluded that defendant threatened the safety of the community and that any conditions of release, including electronic home monitoring,

would not prevent him from being charged with serious offenses in the future. The State requested that defendant's pretrial release be revoked.

¶ 10    The trial court granted the petition to revoke. Focusing on conditions of release, the court noted that defendant had failed to attend one hearing and failed to call his attorney or the court, but the warrant had been quashed later. The court also rejected defendant's suggestion that he be placed on electronic home monitoring because "he is allowed release on that. That does not prevent anyone from committing anything." The court determined that, based on defendant's criminal history, he did not comply with court orders and continued to commit criminal offenses. Moreover, defendant was uncooperative with court-ordered services, as alleged in the State's verified petition to revoke, and this failure suggested that he would treat electronic home monitoring in the same way. The court concluded:

"I do not find any reason that I can mitigate this in any way, shape, or form. These may not be violent cases, but I will say [defendant] allegedly has not obeyed any court orders that we have given him. He has violated the law on at least two occasions with the charge that he has currently pending and there are other cases pending while on probation."

¶ 11    On December 20, 2024, defendant filed a motion for relief seeking reconsideration of the revocation of his pretrial release. Defendant alleged that the State improperly included information from juvenile cases in defendant's criminal history. Defendant also argued that the State failed to demonstrate that electronic home monitoring would not be effective in securing his attendance at future hearings and prevent him from committing criminal offenses because he presented evidence at the revocation hearing that he "was working full time, living with relatives, and would comply with any conditions of release." Defendant, relying on *People v. McGee*, 2024 IL App (2d) 240057-U, ¶ 19, further contended that the State neither presented evidence nor argued that no

conditions of release existed, which was "insufficient" to carry its burden to revoke his pretrial release.

¶ 12    On January 2, 2025, the trial court held a hearing on defendant's motion for relief.  The parties argued about the permissible level of detail concerning juvenile offenses and adjudications.  Defendant additionally asserted that the court did not sufficiently consider electronic home monitoring because he was never previously placed on electronic home monitoring and "never had significant conditions put on him before to permit his releases."  The State focused on defendant's criminal history and pattern of obstructing and resisting police.[2]  The State acknowledged that defendant lived at home with his family and had a job, "but the State's position is that doesn't make him immune from committing further crimes, and even being on [electronic home monitoring] doesn't keep him from stealing more cars, resisting police officers, or obstructing his identification."  Defendant argued in rebuttal that he had been compliant with court orders, going so far as to avoid contact with his codefendant while incarcerated in the county jail even though both were housed in the same pod.

¶ 13    The trial court denied defendant's motion for relief.  The court determined that defendant's history refuted defendant's claim that he was compliant with court orders and would continue to be compliant with them in the future.  The court reasoned that:

> "Even with[out] the erroneous information [from the juvenile matters] I received that last time about the codefendants, my decision would not change.  While on pretrial release, [defendant] has picked up at least one other felony case.  It appears *** that [defendant] has basically failed to comply with any rules this court has ever laid down

---

[2]Defendant was charged with three separate class A misdemeanors of resisting or obstructing a peace officer from November 2023 to February 2024.

whether on pretrial release or on probation and his history tells me that he's not going to in the future."

¶ 14    On January 2, 2025, defendant filed his notice of appeal pursuant to Supreme Court Rule 604(h) (eff. Apr. 15, 2024).

¶ 15                                        II. ANALYSIS

¶ 16    Defendant declined to file a memorandum; therefore, defendant's motion for relief serves as his argument in this appeal.  Ill. S. Ct. R. 604(h)(7) (eff. Apr. 15, 2024).  In his motion for relief, and, thus, on appeal, defendant first argues that the State presented and the trial court relied upon improper evidence derived from juvenile court matters constituting a violation of his privacy rights.  Defendant also argues that the State did not prove that no conditions existed that would reasonably ensure his appearance at future hearings or prevent him from incurring future felony or class A misdemeanor charges.

¶ 17    In this case, the State filed a petition to revoke defendant's pretrial release.  As such, the State was obligated to prove first that the defendant was charged with a felony or class A misdemeanor while on pretrial release.  725 ILCS 5/110-6(a) (West 2022); *People v. Hammerand*, 2024 IL App (2d) 240500, ¶ 19.  Next, the State was obligated to prove, by clear and convincing evidence, that no conditions would reasonably ensure the defendant's appearance at future hearings or prevent him or her from being charged with future felony or class A misdemeanor offenses.  725 ILCS 5/110-6(a) (West 2022).  The proceedings in this matter involved only the parties' proffers and documentary evidence.  Accordingly, our review is *de novo*.  *People v. Morgan*, 2025 IL 130626, ¶ 51.[3]

_____

[3]*Morgan* was decided in the context of a detention hearing under section 110-6.1 of the Code (725

¶ 18    Defendant first argues that improper evidence derived from juvenile proceedings was used, but this issue is forfeited.  Where a defendant does not provide a memorandum in support of his contentions on appeal, the motion for relief will serve as the defendant's argument on appeal.  Ill. S. Ct. R. 604(h)(7) (eff. Apr. 15, 2024).  "Whether made in the motion for relief alone or as supplemented by the memorandum, the form of the [defendant]'s arguments must contain sufficient detail to enable meaningful appellate review, including the contentions of the [defendant] and the reasons therefore and citations of the record and any relevant authorities." *Id.*  Defendant's motion for relief argues that the trial court relied on inadmissible evidence from juvenile cases when granting the State's petition for revocation, but it neither identifies the purportedly objectionable evidence nor cites "any relevant authorities" to support the claim.  It also fails to explain how the purportedly objectionable evidence amounts to error sufficient to vitiate the revocation of defendant's pretrial release.  As such, the motion for review is insufficient to allow meaningful review and we hold this contention forfeited.  *Id.*

¶ 19    Additionally, defendant did not object at the revocation hearing to the introduction of the evidence of which he now complains.  This failure to contemporaneously object forfeits the issue and forecloses our review on appeal.  *People v. Bush*, 2023 IL 128747, ¶ 70 (explaining that the defendant must make a contemporaneous objection to preserve the error for review).

¶ 20    Last, defendant purports that unidentified "information from juvenile matters" and unidentified "juvenile matters were filed in the record on this case and presented in open court." We have carefully reviewed the record in this case and can find no documents relating to any of

---

ILCS 5/110-6.1 (West 2022)), while this case involved a revocation hearing under section 110-6 of the Code.  *Morgan*'s reasoning, however, applies to all hearings in which the parties proceed by way of proffer; therefore, there is no basis to distinguish *Morgan* based on the type of hearing—detention or revocation.

defendant's juvenile matters. Rather, the State's verified petition to revoke alleged the case numbers and charges for which defendant received juvenile adjudications and briefly outlined his noncompliance with the court-ordered conditions that were part of defendant's juvenile probation in those cases. Additionally, the State verbally proffered defendant's "serious juvenile history" to the trial court, highlighting that defendant pleaded guilty in a 2023 juvenile adjudication to the same offense with which he is charged in this case: receiving, possessing, or selling a stolen motor vehicle. No document or other record of defendant's criminal history appears in the record. Because there are neither documents in the record to support defendant's claim of error nor sufficient identification of the purported improper evidence of "juvenile matters" in the verbatim transcripts, the record is insufficient to review defendant's claim of error. *Foutch v. O'Bryant*, 99 Ill. 2d 389, 391-92 (!984) (the appellant bears the burden to provide a sufficiently complete record of the proceedings to support his or her claims of error; in the absence of such a record, we must presume the trial court's judgment was in conformity with the law and possessed a sufficient factual basis; any doubts caused by the incompleteness of the record will be resolved against the appellant).

¶ 21    Next, defendant contends the State failed to prove that no conditions of release existed that would reasonably ensure his appearance at future hearings or would prevent him from being charged with future felonies or class A misdemeanors. We disagree.

¶ 22    Defendant contends that the State did not present evidence or argument regarding the issue of conditions of release, arguing that this was "insufficient" and implying that the State forfeited this issue. The record belies defendant's contention. The State presented ample evidence that defendant continued to incur serious criminal charges while on probation and pretrial release. For example, in the verified petition to revoke pretrial release, the State alleged that, while on probation for his juvenile adjudications, defendant incurred four class A misdemeanors, a class 4 felony (this

case), and the December 2024 stolen motor vehicle case. The misdemeanors each resulted in pretrial release, and each subsequent misdemeanor was committed while defendant was also on pretrial release as well as probation. The State also alleged that defendant failed to comply with his conditions of probation, missing home visits and appointments, failing to return phone calls, failing to complete court-ordered services, such as substance abuse and individual counseling services, and failed to enroll in and complete a school or equivalent program. Based on this, we conclude that the State presented sufficient evidence to demonstrate that there were no conditions that would prevent defendant from incurring more felony or class A misdemeanor charges. Likewise, we conclude that the State also sufficiently argued the issue, and the trial court properly addressed the issue in its ruling.

¶ 23     To the extent that defendant's improper-juvenile-matters argument applies to the State's claim that defendant continued to associate with codefendants from his juvenile adjudications, it is immaterial. The State argued during the hearing on the petition to revoke that defendant continued to associate with codefendants from previous cases and committed the December 2024 stolen motor vehicle offense with codefendants from previous cases. The trial court noted that, even without the identification of the codefendants, the evidence was sufficient to demonstrate that no conditions would reasonably prevent defendant from incurring future charges. We agree with the trial court's assessment. The evidence showed that, while on probation and pretrial release, defendant consistently continued to incur felony or class A misdemeanor charges. In turn, defendant's consistent history of incurring criminal charges despite court orders and conditions not to leads to the conclusion that defendant will continue to ignore conditions and orders and will likely continue to be charged with criminal offenses. Thus, irrespective of whether defendant continues to commit offenses with previous codefendants, the evidence simply shows that defendant is unlikely to conform to any conditions, and any conditions will not be reasonably likely

to prevent defendant from incurring subsequent felony and class A misdemeanor charges. Thus, even if the identification of defendant's codefendants was erroneous, it did not affect the trial court's judgment, which is amply supported by the proper evidence in the record.

¶ 24    Defendant argues that the State did not present evidence or make argument concerning possible conditions of release, relying on *McGee*, 2024 IL App (2d) 240057-U, ¶ 19. Defendant's reliance on *McGee* is misplaced. In that case, we emphasized that "the State did not make *any* argument concerning possible conditions of release." (Emphasis in original.) *Id.* Instead, the State "broadly asserted" that the nature of the charges, rather than the individual circumstances of the case, compelled a finding that no conditions could mitigate the threat posed by the defendant. *Id.* Here, by contrast, the State argued that defendant continued to incur criminal charges even though he was on probation or pretrial release thereby demonstrating that no conditions would prevent defendant from continuing to be charged with felony and class A misdemeanor charges; moreover, although the argument was brief, the State presented it. Importantly, and in contrast to *McGee*, the State's argument in this case was directly on point with the "salient consideration" in a revocation hearing: whether a defendant would ignore court-ordered conditions and continue to be charged with felonies or class A misdemeanors. *People v. Taber*, 2025 IL App (2d) 240562, ¶ 15. The record demonstrates that defendant is unlikely to conform to any conditions and, thus, any conditions are not reasonably likely to prevent him from incurring subsequent felony or class A misdemeanor charges. *McGee*, therefore, is inapposite.

¶ 25    Finally, defendant argues that, because he has never been placed on electronic home monitoring, it would mitigate the possibility of him committing new offenses. We disagree. The trial court aptly observed that the record amply demonstrated defendant's pattern of noncompliance with court-ordered conditions, and electronic home monitoring would not prevent defendant from participating in future offenses, including stolen motor vehicle offenses.

Defendant's claim that electronic home monitoring would suddenly cause defendant to obey conditions of his release is unsupported in the record, especially where his history strongly demonstrates a consistent inability or refusal to comply with any conditions. We reject defendant's contention.

¶ 26 Accordingly, we hold that the trial court properly revoked defendant's pretrial release because he was charged with a felony while on pretrial release in this case, and the record shows, by clear and convincing evidence, that no conditions exist that would reasonably prevent defendant from being charged with future felonies or class A misdemeanors.

¶ 27                              III. CONCLUSION

¶ 28 For the foregoing reasons, we affirm the judgment of the circuit court of Kane County.

¶ 29 Affirmed.