2025 IL App (2d) 250424-U
No. 2-25-0424
Order filed December 12, 2025

**NOTICE:** This order was filed under Supreme Court Rule 23(b) and is not precedent except in the limited circumstances allowed under Rule 23(e)(l).

_____

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of Kane County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No.   25-CF-863 |
| ALBERTO TAPIA-AYALA, | ) ) | Honorable Julia A. Yetter, |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

JUSTICE MULLEN delivered the judgment of the court.
Presiding Justice Kennedy and Justice Jorgensen concurred in the judgment.

**ORDER**

¶ 1     *Held*:  The trial court did not err in granting the State's petition to deny defendant pretrial release and ordering defendant detained.

¶ 2     Defendant, Alberto Tapia-Ayala, appeals from an order of the circuit court of Kane County granting the State's verified petition to revoke his pretrial release pursuant to article 110 of the Code of Criminal Procedure of 1963 (Code) (725 ILCS 5/art. 110 (West 2024)), as amended by Public Acts 101-652, § 10-255 (eff. Jan. 1, 2023) and 102-1104, § 70 (eff. Jan. 1, 2023) (we will

refer to these public acts collectively as the "Acts").[1] On appeal, defendant argues that the State failed to meet its burden of proving by clear and convincing evidence that no condition or combination of conditions could reasonably ensure the appearance of defendant for later hearings or prevent defendant from being charged with a subsequent felony or Class A misdemeanor based on the specific, articulable facts of the case. We affirm.

¶ 3                                 I. STATEMENT OF FACTS

¶ 4                                      A. Background

¶ 5      On April 23, 2025, defendant was charged by complaint in Kane County case No. 25-CF-863 with: (1) two counts of receiving, possessing, or selling a stolen motor vehicle (625 ILCS 5/4-103(a)(i) (West 2024)), a Class 2 felony; (2) one count of burglary without causing damage (720 ILCS 5/19-1(a) (West 2024)), a Class 3 felony; (3) one count of driving on a revoked license (625 ILCS 5/6-303(a) (West 2024)), a Class A misdemeanor; and (4) one count of unlawful possession of drug paraphernalia (720 ILCS 600/3.5(a) (West 2024)), a Class A misdemeanor. Defendant was served with a notice to appear in court on May 15, 2025.

¶ 6      On May 15, 2025, defendant failed to appear in court. His case was set over to June 18, 2025, and a warrant was issued. Defendant was arrested on the warrant and appeared before the trial court on May 19, 2025. That same day, defendant was released pending trial with conditions. Conditions of defendant's release included that defendant report to pretrial services, obey all court orders and processes, not commit any new criminal offenses, not possess a firearm or dangerous

_____

[1] Public Act 101-652 (eff. Jan. 1, 2023), which amended article 110 of the Code, has been referred to as the "Pretrial Fairness Act" and the "Safety, Accountability, Fairness, and Equity-Today (SAFE-T) Act." However, neither title is official. *Rowe v. Raoul*, 2023 IL 129248, ¶ 4 n.1.

weapon, not use or possess intoxicating or controlled substances, and not drive without a valid license. Defendant signed and acknowledged the order.

¶ 7     Defendant appeared again before the trial court on June 12, 2025. However, defendant failed to appear before the court on his next two dates, July 17, 2025, and July 24, 2025. A warrant was issued on July 24, 2025. Defendant was arrested and remanded on August 6, 2025.

¶ 8     On August 14, 2025, the State filed its verified petition to revoke defendant's pretrial release. In support of its petition, the State noted that while defendant was released pending trial, he was charged with several new offenses. Specifically, on June 13, 2025, defendant was charged with possession of methamphetamine in Kane County case No. 25-CF-1364. On July 24, 2025, defendant was charged with burglary in Kane County case No. 25-CF-1717. On August 2, 2025, defendant was charged with burglary, theft, and criminal damage to property in Kane County case No. 25-CF-1799. Finally, on August 5, 2025, defendant was again charged with possession of methamphetamine in Kane County case No. 25-CF-1828.

¶ 9                              B. Detention Hearing

¶ 10    A hearing was held on the State's petition on August 21, 2025. At the outset, the State offered into evidence the signed pretrial release order in this case, No. 25-CF-863, and the synopses and complaints in defendant's subsequently charged cases, Nos. 25-CF-1364, 25-CF-1717, 25-CF-1799, and 25-CF-1828.

¶ 11    In support of its petition, the State noted that while on pretrial release, defendant had been arrested and charged in four new cases and two failure-to-appear warrants had been issued. The State argued that based on these events, there were no conditions or combination of conditions that could prevent defendant from being charged with a subsequent offense.

¶ 12    In response, defense counsel asserted that defendant's charges were all related to substance-abuse issues and that defendant could comply with conditions of release if he were to do weekly drug testing to make sure that he was not abusing drugs.

¶ 13    The trial court granted the State's motion and revoked defendant's pretrial release. In issuing its oral ruling, the trial court stated that when defendant was first granted pretrial release in the instant case, he "signed and agreed as conditions of his release he would report in to pretrial services; he would also commit no new offenses; and specifically he would not use or possess any intoxicating or controlled substance unless lawfully with a prescription." It highlighted that soon after defendant was released with conditions in the instant matter, he was charged in case No. 25-CF-1364. There, the synopsis indicated that defendant was found with an open container of alcohol and approximately 4.6 grams of methamphetamine. Defendant was then charged in case No. 25-CF-1799, based on events that occurred on July 11, 2025. In that case, an individual reported that his or her trailer had been burglarized. After reviewing surveillance footage, officers identified defendant as the individual who burglarized the trailer, stealing a generator in the process. In 25-CF-1717, a different individual called on July 8, 2025, to report that her business had been burglarized and approximately $1,200 worth of items were taken. After reviewing surveillance footage, officers again identified defendant as the perpetrator. When defendant was taken into custody and interviewed, he "spoke to the detectives and admitted going into the store and taking items and selling them later, stating to the officers that he was drunk and that was why he had done that."

¶ 14    Based on the foregoing, the trial court determined that defendant had been charged with multiple felony offenses shortly after being released with conditions in the instant matter. It noted that he had also been arrested on failure-to-appear warrants. Next, it considered whether any

conditions of release could prevent the commission of another Class A misdemeanor or felony offense. The trial court asserted that defendant demonstrated a history of "noncompliance of almost every release condition that's been imposed." It determined that no conditions that the Court could impose would prevent the commission of new offenses. The trial court specifically highlighted that electronic home monitoring (EHM) was not a viable option because the court did not have a home address for defendant and EHM could not prevent violations of conditions such as substance abuse. The court entered a written order summarizing its oral findings.

¶ 15                    C. Motion for Relief and Notice of Appeal

¶ 16    On September 2, 2025, defendant filed a "Motion for Relief Under the Pretrial Fairness Act." See Ill. S. Ct. R. 604(h)(2) (eff. Apr. 15, 2024). In the motion, defense counsel disputed the court's findings that the State had met its burden to prove by clear and convincing evidence that no conditions could reasonably ensure the appearance of defendant for later hearings or prevent defendant from being charged with a subsequent felony or Class A misdemeanor. In support, defendant cited *People v. McGee*, 2024 IL App (2d) 240057-U, for the proposition that the State failed to present evidence or make argument "concerning possible conditions of release or that no conditions existed."

¶ 17    A hearing on defendant's motion was held on September 19, 2025. At the hearing, defense counsel noted that none of the offenses charged involved violence. Rather, defendant had a substance-abuse issue that led to him committing the charged offenses. Thus, random drug drops would mitigate the risk of future offenses being committed.

¶ 18    The trial court denied the motion for relief. It noted that defendant had previously been ordered not to possess or use any intoxicating or controlled substances unless lawfully with a prescription. Despite this, defendant committed several new offenses and was apprehended with

methamphetamine on his person. It concluded that with the conditions that are currently available to the court, none of the conditions it could impose, including EHM, would prevent the commission of a new Class A misdemeanor or felony offense.

¶ 19   On September 22, 2025, defendant filed a notice of appeal. The court appointed the Office of the State Appellate Defender (OSAD) to represent defendant. See Ill. S. Ct. R. 604(h)(3) (eff. Apr. 15, 2024) (providing that a party may initiate an appeal by filing a notice of appeal in the circuit court at any time prior to conviction). OSAD elected not to file a memorandum under Illinois Supreme Court Rule 604(h)(7) (eff. Apr. 15, 2024) (providing that the issues raised in the motion for relief are before the appellate court regardless of whether an optional memorandum is filed). Thus, on appeal, we are limited to the arguments made in defendant's motion for relief. The State filed a response in opposition to the appeal.

¶ 20                                    II. ANALYSIS

¶ 21   Article 110 of the Code, as amended by the Acts, abolished traditional monetary bail in favor of pretrial release on personal recognizance or with conditions of release. 725 ILCS 5/110-1.5, 110-2(a) (West 2024). In Illinois, all persons charged with an offense are eligible for pretrial release irrespective of the seriousness or the nature of the offense. 725 ILCS 5/110-2(a), 110-6.1(e) (West 2024); *People v. Grayson*, 2024 IL App (4th) 241100-U, ¶ 7. The Code requires that "[d]ecisions regarding release, conditions of release, and detention prior to trial must be individualized, and no single factor or standard may be used exclusively to order detention." 725 ILCS 5/110-6.1(f)(7) (West 2022).

¶ 22   Here, the State filed a petition to revoke defendant's pretrial release. When the State files a petition to revoke pretrial release, it is obligated to prove first that the defendant was charged with a felony or Class A misdemeanor while on pretrial release. 725 ILCS 5/110-6(a) (West 2024);

*People v. Hammerand*, 2024 IL App (2d) 240500, ¶ 19. Next, the State must prove, by clear and convincing evidence, that no conditions would reasonably ensure the defendant's appearance at later hearings or prevent him or her from being charged with a subsequent felony or Class A misdemeanor. 725 ILCS 5/110-6(a) (West 2024). In this case, the proceedings involved only the parties' proffers and documentary evidence. Accordingly, our review is *de novo*. *People v. Morgan*, 2025 IL 130626, ¶ 51.

¶ 23    Here, defendant argues in his motion for relief that the State failed to meet its burden of proving by clear and convincing evidence that no conditions could reasonably ensure the appearance of defendant for later hearings or prevent defendant from being charged with a subsequent felony or Class A misdemeanor. We disagree.

¶ 24    Defendant cites *McGee*, 2024 IL App (2d) 240057-U, and contends that the State did not present evidence or "make any argument concerning possible conditions of release or that no conditions existed." However, the record contains ample evidence that defendant continued to commit new offenses in quick succession while he was on pretrial release in the instant matter. Those charges included theft, burglary, and possession of methamphetamine. The State provided evidence that defendant had previously signed a document listing the conditions of his release, which included not committing any new crimes and not using or possessing intoxicating or controlled substances without a valid prescription. But the State's burden of proof does not require it to "specifically address every conceivable condition or combination of conditions and argue why each condition does not apply." *People v. Mikolaitis*, 2024 IL 130693, ¶ 20. In any event, "the State's argument in this case was directly on point with the 'salient consideration' in a revocation hearing: whether a defendant would ignore court-ordered conditions and continue to be charged with felonies or class A misdemeanors." *People v. Vega*, 2025 IL App (2d) 250002-U, ¶ 24 (citing

*People v. Taber*, 2025 IL App (2d) 240562, ¶ 15). We conclude the State presented sufficient evidence to demonstrate that there were no conditions that would prevent defendant from being charged with a subsequent felony or Class A misdemeanor.

¶ 25                                    III. CONCLUSION

¶ 26     For the reasons set forth above, we affirm the judgment of the circuit court of Kane County.

¶ 27     Affirmed.